J-S36006-20

2020 PA Super 223

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES PATRICK KEMICK | : | |
| | : | |
| Appellant | : | No. 350 WDA 2020 |

Appeal from the Order Dated February 7, 2020
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000390-2019

BEFORE:  OLSON, J., KING, J., and PELLEGRINI, J.[*]

OPINION BY OLSON, J.:                    FILED SEPTEMBER 15, 2020

Appellant, James Patrick Kemick, appeals from the February 7, 2020 order denying his motion to dismiss the criminal charges[1] currently pending against him on grounds that the prosecution of those charges violates the protection against double jeopardy and the compulsory joinder rule.[2]  We vacate the order and remand this case with instructions.

The trial court summarized the factual history as follows:

At McKean County [docket number] 375 CR 2017, [Appellant] was charged with burglary, criminal attempt to commit burglary,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was charged with one count each of burglary of a home - no person present, theft by unlawful taking of movable property, receiving stolen property, and criminal trespass.  18 Pa.C.S.A. §§ 3502(a)(2), 3921(a), 3925(a), and 3503(a)(1)(ii), respectively.

[2] The compulsory joinder rule is codified at 18 Pa.C.S.A. § 110 and is set forth in detail, infra.

criminal trespass, theft by unlawful taking, [and] loitering and prowling at night. It was alleged at that [docket] number that on July 26, 2017, [Appellant] entered a business, the Thrifty Cleaners, and stole a cash register. At McKean County [docket number] 453 CR 2017[, Appellant pleaded] guilty to [one] count of criminal conspiracy/theft by unlawful taking. The facts [in] that case [were] that [Appellant] and his co-defendant [] stole two bicycles from [the victim]. This conspiracy occurred in the City of Bradford[, Pennsylvania,] on September 2, 2017. At McKean County [docket number] 470 CR 2017[, Appellant pleaded] guilty to [loitering] and prowling at night for prowling around the residence [] at 52 Bedford Street[,] Bradford[, Pennsylvania]. The actions that led to this conviction occurred on August 28, 2017. At McKean County [docket number] 493 CR 2017[, Appellant pleaded] guilty to [loitering] and prowling at night. The facts [in that case] were that [Appellant], on September 6, 2017, loitered and prowled at a residence at 952 South Avenue, Bradford, [Pennsylvania].

In the current case[,] it is asserted that [Appellant], between August 18, 2017, and August 28, 2017, committed the offenses of burglary - home, no person present, theft by unlawful taking[ - movable property], receiving stolen property[,] and criminal trespass. It is asserted that he entered the home [] at 955 South Avenue, Bradford, [Pennsylvania].

Trial Court Opinion, 3/27/20, at 2-3 (extraneous capitalization and emphasis omitted).

On October 30, 2019, Appellant filed a motion to dismiss the criminal charges pending against him in the instant case "due to prohibitions against double jeopardy under State and Federal Constitutions and the compulsory joinder rule, and that prosecution of these charges is barred by a former prosecution[.]" Appellant's Motion to Dismiss Charges/Criminal Information, 10/30/19, at ¶2. Appellant requested a hearing on the motion to dismiss. The Commonwealth filed an answer to Appellant's motion, opposing the

dismissal of the criminal charges.  On January 7, 2020, the trial court convened a proceeding on Appellant's motion to dismiss.  At the conclusion of the proceeding, the trial court permitted Appellant and the Commonwealth to submit briefs on the matter, which both parties timely submitted.  On February 7, 2020, the trial court denied Appellant's motion to dismiss the criminal charges.  This appeal followed.[3]

Appellant raises the following issues for our review:

[1.]  Whether the trial court erred in failing to enter on the record a statement of findings of fact and conclusions of law, as required under Pa.R.Crim.P. [] 587(B)(3), in disposing of [Appellant's] motion to dismiss charges/criminal information pursuant to prohibitions against double jeopardy and under 18 Pa.C.S.[A.] § 110[?]

[2.]  Whether the trial court erred by denying [Appellant] the opportunity to present testimony and evidence at a hearing pursuant to Pa.R.Crim.P. [] 587(B)(2) in support of his motion to dismiss charges/criminal information pursuant to prohibitions against double jeopardy and under 18 Pa.C.S.[A.] § 110[?]

[3.]  Whether the trial court erred in denying a motion to dismiss charges/criminal information pursuant to prohibitions against double jeopardy and under 18 Pa.C.S.[A.] § 110.[?]

Appellant's Brief at 4-5 (extraneous capitalization omitted).

Preliminarily, we must determine whether Appellant's appeal is from a final, appealable order, thereby invoking the jurisdiction of this Court.[4]

_____

[3] Appellant and the trial court complied with Pa.R.A.P. 1925.

[4] In a March 23, 2020 per curiam order, this Court ordered Appellant to show cause why this appeal should not be quashed as a premature appeal from an

Appellant contends that the trial court's February 7, 2020 order denying his motion to dismiss the criminal charges is a collateral order and, therefore, is immediately appealable. Appellant's Answer to Show Cause Order, 4/27/20, at 3.

"An appeal may be taken as of right from a collateral order of a trial court[.]" Pa.R.A.P. 313(a). Pennsylvania Rule of Appellate Procedure 313(b) defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Id. at 313(b).

"Pennsylvania law [] traditionally provided a criminal defendant the right to an immediate appeal from an order denying a pretrial motion to dismiss on double jeopardy grounds." Commonwealth v. Gross, ___ A.3d ___, 2020 WL 2065574, at *10 (Pa. Super. 2020) (en banc), citing Commonwealth v. Orie, 22 A.3d 1021, 1024 (Pa. 2011); see also Commonwealth v. Haefner, 373 A.2d 1094, 1095 (Pa. 1977) (stating that "pretrial orders denying double jeopardy claims are final orders for purposes of appeal"). If the trial court enters an order denying the motion to dismiss on double jeopardy grounds and in doing so, makes no finding, in writing, that the motion is frivolous, then the order is a collateral order under Rule 313 and is immediately appealable.

_____

interlocutory order. Appellant filed a response. On May 5, 2020, in a per curiam order, this Court discharged the rule to show cause order, advising the parties that the issue may be raised by the merits panel.

- 4 -

Gross, 2020 WL 2065574, at *12; see also Commonwealth v. Anthony, 717 A.2d 1015, 1017 (Pa. 1998) (stating, "[t]he denial of a pretrial [m]otion to [d]ismiss an indictment on double jeopardy grounds is subject to appellate review unless it appears that the claim is frivolous). "A [m]otion to [d]ismiss on the basis of the compulsory joinder rule[, codified at 18 Pa.C.S.A. § 110,] embodies the same constitutional protections underlying the double jeopardy clause" and, therefore, an order denying such a motion to dismiss is also immediately appealable as a collateral order, provided the claim is not frivolous. Anthony, 717 A.2d at 1017.

The compulsory joinder rule states,

§ 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

18 Pa.C.S.A. § 110.

Here, Appellant appeals the trial court order denying his motion to dismiss the criminal charges pending against him on grounds that the prosecution of those charges violates the protection against double jeopardy and the compulsory joinder rule. Appellant's Brief at 15-16. A review of the record demonstrates that the trial court, in denying Appellant's motion to dismiss, did not make a finding on the record that Appellant's claim was frivolous. See Trial Court Order, 2/7/20; see also N.T., 1/7/20, at 1-13; Trial Court Opinion, 3/27/20, at 1-13. Therefore, the trial court's order denying

Appellant's motion to dismiss is a collateral order and immediately appealable. We now consider the merits of Appellant's issues.

We consider Appellant's first and second issues in tandem as we find them dispositive of this matter. Appellant's first issue asserts that the trial court "erred in failing to enter on the record a statement of findings of fact and conclusions of law in disposing of Appellant's" motion to dismiss the criminal charges as required by Rule 587(B)(3). Appellant's Brief at 16-18. In his second issue, Appellant asserts that the trial court "erred by denying [Appellant] the opportunity to present testimony and evidence at a hearing, pursuant to [] Rule 587(B)(2), in support of his" motion to dismiss the criminal charges. Id. at 18-21.

The interpretation of and the application of the Pennsylvania Rules of Criminal Procedure present questions of law for which our standard of review is de novo and our scope of review plenary. Commonwealth v. Phillips, 141 A.3d 512, 518 (Pa. Super. 2016), appeal denied, 161 A.3d 796 (Pa. 2016). Pennsylvania Rule of Criminal Procedure 587(B) states,

Rule 587. Motion for Dismissal

. . .

(B) Double Jeopardy

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

- 7 -

J-S36006-20

(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B)(1-6). The term "'[h]earing,' as used in paragraph (B)(2) includes the taking of testimony, or the hearing of argument, or both." Id. at Official Comments.

Here, the record demonstrates that, on January 7, 2020, the trial court brought the parties together to address Appellant's motion to dismiss the criminal charges. During the proceeding, the trial court did not admit testimony or hear argument in support of, or in opposition to, the claim that prosecution of Appellant's pending criminal charges violates the double jeopardy clause or the compulsory joinder rule. N.T., 1/7/20, at 1-20. Rather, the trial court listened to presentations by counsel on whether an evidentiary hearing on Appellant's motion to dismiss was necessary. Id. at 3-4. At the conclusion of the proceeding, the trial court ordered the parties to file briefs

- 8 -

addressing the merits of the issue.[5]  Id. at 9.  The trial court stated, "[i]f something comes up in the [b]riefs that demonstrates [] that further evidence is needed, then [the trial court] would reconsider [the request for a hearing] and limit the hearing to calling certain witnesses; but [the trial court does not] believe that will happen legally."  Id. at 10.  At the conclusion of the proceeding, the trial court did not enter any findings of fact or conclusions of law on the record.  Id. at 13.  The trial court did not convene a subsequent hearing for the purpose of taking testimony or hearing argument on Appellant's motion to dismiss or in order that the trial court could enter its findings of fact and conclusions of law on the record before denying Appellant's motion to dismiss.  Moreover, the February 7, 2020 order denying Appellant's motion to dismiss the criminal charges failed to set forth, on the record, any findings of fact or conclusions of law.  In its Rule 1925(a) opinion, the trial court stated,

> It was clear that [Appellant] had, in fact, been prosecuted and convicted of previous offenses similar in nature and in the same general time period asserted in the current case.  The [trial] court concluded that the facts were not in dispute.  Specifically, the [trial] court concluded that [Appellant's] assertion that he had been involved in a string of burglaries and thefts over about a two-month time period in [the City of] Bradford[, Pennsylvania] and [in] Bradford Township, Pennsylvania, including the activity asserted in this case, was accurate.  Since these facts were not in

---

[5] Appellant was prepared to present the testimony of several witnesses at the proceeding, including the testimony of six investigating police officers and three civilians.  Appellant offered the witnesses in support of his motion to dismiss, as their proposed testimony related to the prior cases and current case.  N.T., 1/7/20, at 6.

dispute the [trial] court concluded that the parties should file legal briefs addressing whether these undisputed facts supported a double jeopardy claim.

Trial Court Opinion, 3/27/20, at 2.

Based upon our review of the limited record and the applicable rules of criminal procedure, we find the trial court erred in its failure to follow the requirements of Rule 587(B). Although the trial court had discretion, vis-à-vis Rules 587(B)(2) and 577,[6] in determining whether a hearing on Appellant's motion to dismiss was necessary, Rule 587(B) clearly required the trial court to develop a record, by some means, in order that it could make findings of fact, reach conclusions of law, and issue an order either granting or denying the motion to dismiss. See Pa.R.Crim.P. 587(B)(2) and (3). A record can be developed by conducting a hearing, as defined by the official comments to Rule 587, or by other means, such as, conducting a proceeding for the purpose of admitting evidence or taking judicial notice of other proceedings and documents to generate a factual record pertinent to claims asserting double jeopardy and compulsory joinder.

In the instant case, the trial court did not conduct a hearing, as defined by the official comments to Rule 587, that provided Appellant and the Commonwealth the opportunity to present testimony in support of, or to

_____

[6] Pennsylvania Rule of Criminal Procedure 577(A)(2) provides that following the filing of a motion, if the trial court determines that the motion requires a hearing or argument, a hearing on the matter shall be scheduled. Pa.R.Crim.P. 577(A)(2).

refute, the claim that the Appellant's prosecution for the aforementioned criminal charges violates double jeopardy protections or the compulsory joinder rule. Moreover, the trial court did not conduct a hearing to develop a record by means of admitting evidence, i.e. other case records, or taking judicial notice of the other proceedings and documents.

The trial court, having failed to develop a record, further failed to memorialize its findings of fact and conclusions of law on the record, as well as make a specific finding, upon denial of Appellant's motion to dismiss, as to the frivolousness of the motion to dismiss and provide the requisite notice for appellate review. See Pa.R.Crim.P. 587(B)(3) (stating, "at the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion"); see also Pa.R.Crim.P. 587(B)(4) (stating, "In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness"). Consequently, we are constrained to vacate the February 7, 2020 order and remand this matter to the trial court for the purpose of conducting a hearing in accordance with Rule 587 and as contemplated by this decision. The hearing shall be held within 90 days of this decision.[7] At the conclusion of the hearing, the trial court shall state on

_____

[7] In the event that the trial court is closed at any point during the 90-day period due to the COVID-19 pandemic, the 90-day period shall be extended for an amount of time equal to any such closure.

the record its findings of fact and conclusions of law. Thereafter, the trial court shall enter an order disposing of Appellant's motion to dismiss the pending criminal charges, including a declaration as to whether Appellant's motion to dismiss is frivolous, if the trial court denies the motion.[8] If the trial court denies the motion, the trial court shall also advise Appellant in accordance with either Rule 587(B)(5) or (6), based upon the trial court's determination of frivolousness, of Appellant's right of review or to an immediate appeal.

Order vacated. Case remanded with instructions.[9] Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2020

_____

[8] Absent the trial court's compliance with Rule 587, we are unable to address Appellant's remaining issue.

[9] The prothonotary of this Court shall return the certified record to the trial court upon the filing of this decision.

- 12 -