**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TODD PHILLIP ALLEN | : | |
| | : | |
| Appellant | : | No. 817 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 8, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005126-2017

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 20, 2021**.

Appellant Todd Phillip Allen appeals from the judgment of sentence imposed after he pled guilty to one count of criminal use of a communication facility.[1] Appellant claims that the trial court erred in denying his Pa.R.Crim.P. 600 motion to dismiss, that he is entitled to withdraw his plea, and that the trial court erred in imposing costs of prosecution without considering his ability to pay. We affirm.[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 7512(a).

[2] In his notice of appeal, Appellant states that he appeals from the February 27, 2019 order denying his post-sentence motion. However, the appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions. **Commonwealth v. Rivera**, 238 A.3d 482, 489 n.1 (Pa. Super. 2020). Therefore, Appellant's appeal is from the February 8, 2019 judgment of sentence, and we have corrected the caption accordingly. **Id.**

On May 20, 2017, the Commonwealth charged Appellant with two counts each of criminal use of a communication facility, possession of a controlled substance with intent to deliver (PWID), possession of a controlled substance, and possession of drug paraphernalia. Following a preliminary hearing, all of the charges were held for court.

On September 20, 2018, Appellant filed a "Petition to Dismiss for Lack of Prompt Trial Pursuant to the Requirement of Pa.R.Crim.P. No. 600." On October 1, 2018, the trial court held a hearing on Appellant's Rule 600 petition.[3] Following the hearing, the trial court denied Appellant's motion to dismiss and granted Appellant nominal bail.

On October 2, 2019, the trial court ordered that Appellant's trial would begin on November 7, 2018. However, on November 5, 2018, Appellant pled guilty to one count of criminal use of a communications facility. In exchange for Appellant's guilty plea, the Commonwealth *nolle prossed* the remaining charges. At the conclusion of the guilty plea hearing, the court sentenced Appellant to a term of eleven and one-half to twenty-three months of incarceration, followed by a consecutive term of three years' probation. N.T.

---

[3] Rule 600 protects defendants' constitutional rights to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution and provides the time period in which the Commonwealth must bring defendants to trial, and the method for calculating that period. **Commonwealth v. Cole**, 167 A.3d 49, 71 (Pa. Super. 2017).

Guilty Plea/Sentencing Hr'g, 11/5/18, at 13. Additionally, the trial court ordered Appellant to pay the costs of prosecution. *Id.*

On November 13, 2018, Appellant filed a *pro se* post-sentence motion for resentencing/reconsideration. The trial court's docket entries reflect that this *pro se* filing was forwarded to Appellant's counsel of record, Thomas E. Carluccio, Esq.[4] Appellant filed a *pro se* supplement to his motion for resentencing/reconsideration on January 3, 2019. However, the docket does not reflect that this filing was forwarded to Appellant's counsel of record pursuant to Pa.R.Crim.P. 576(A)(4) and *Jette*.

The trial court heard oral argument on Appellant's *pro se* motions, and Appellant appeared with Attorney Carluccio. N.T. Post-Sentence Mot. Hr'g, 2/2/19.[5] On February 8, 2019, the trial court granted Appellant's post-sentence motion and resentenced Appellant to a term of six to twelve months

---

[4] *See* Pa.R.Crim.P. 576(A)(4) (stating that, if a counseled criminal defendant submits for filing a written motion that has not been signed by counsel, the clerk of courts shall accept it for filing, and a copy of the time-stamped document shall be forwarded to counsel and the Commonwealth within 10 days); *see also Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) (concluding that "the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the pro se pleading unless counsel forwards a motion").

[5] It does not appear from the record that the trial court permitted Appellant's counsel to withdraw. At Appellant's post-sentence motion hearing, Appellant's counsel stated his apparent belief that, because more than thirty days passed from Appellant's judgment of sentence, counsel was no longer obliged to represent Appellant. N.T. Post-Sentence Mot. Hr'g, 2/2/19, at 4. The trial court did not rule on this issue.

of incarceration. The amended sentencing order did not inform Appellant of his post-sentence or appellate rights. *See* Pa.R.Crim.P. 720(B)(4)(a).

Appellant filed a *pro se* "emergency" post-sentence motion on February 11, 2019. This filing was not forwarded to Appellant's counsel, and the trial court scheduled a hearing on the motion for February 27, 2019. On February 27, 2019, the trial court filed an order reaffirming the February 8, 2019 resentencing order and denying Appellant's post-sentence motions as moot.

On March 13, 2019, Appellant's *pro se* appeal was filed in the trial court.[6] On March 14, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. On April 10, 2019, Appellant filed a *pro se* Rule 1925(b) statement. On April 15, 2019, Appellant filed a *pro se* motion to amend and supplement to the Rule 1925(b) statement.

On May 10, 2019, the trial court filed its Pa.R.A.P. 1925(a) opinion. In its opinion, the trial court found that there was no merit to the issues in Appellant's initial Rule 1925(b) statement. Further, the court concluded that Appellant's motion to supplement the Rule 1925(b) statement was without leave of court and untimely.

On June 6, 2019, this Court issued a rule to show cause why the appeal should not be quashed as untimely pursuant to Pa.R.A.P. 105(b) and Pa.R.A.P.

---

[6] Generally, hybrid representation is not permitted; however, when a counseled defendant files a *pro se* notice of appeal, the appeal will be accepted for filing because a criminal defendant has a right to an appeal. *See Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (citation omitted).

903(a), because the March 13, 2019 notice of appeal was filed more than thirty days after February 8, 2019 judgment of sentence. Appellant filed a *pro se* response on June 13, 2019.

Meanwhile, on June 7, 2019, Appellant filed a *pro se* application for relief to this Court explaining that he wanted to represent himself on appeal. Six days later, on June 13, 2019, Appellant filed a *pro se* motion in which he once more asked to proceed *pro se*.[7]

On July 1, 2019, this Court filed an order directing the trial court to hold a hearing and determine if Appellant's waiver of counsel was knowing, intelligent, and voluntary, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). However, on July 10, 2019, before the trial court could hold a **Grazier** hearing, the trial court appointed current counsel from the Montgomery County Public Defender's Office, to represent Appellant on appeal.

After the trial court appointed new counsel, this Court filed a second rule to show cause why the appeal should not be quashed as untimely. Rule to Show Cause, 8/6/19. On August 19, 2019, Appellant filed a counseled response to this Court's rule to show cause. On October 11, 2019, this Court discharged the August 6, 2019 rule to show cause and referred the decision as to whether Appellant's appeal was timely to this panel.

---

[7] Despite Appellant's numerous *pro se* filings, there is no evidence in the record that Appellant's plea counsel was permitted to withdraw.

Initially, we address the timeliness of Appellant's appeal. *See*

***Commonwealth v. Pena***, 31 A.3d 704, 706 (Pa. Super. 2011) (stating that

the timeliness of an appeal is jurisdictional question). Here, the trial court

resentenced Appellant on February 8, 2019, and Appellant had thirty days in

which to file a timely appeal. *See* Pa.R.A.P. 903(a). The thirtieth day was

Sunday March 11, 2019. Therefore, Appellant had until Monday, March 12,

2019, to file a timely appeal. *See* 1 Pa.C.S. § 1908 (providing that when the

last day of a statutory period falls on a Saturday, Sunday, or legal holiday,

that day is omitted from the computation). The record reveals that Appellant's

*pro se* appeal was dated March 7, 2019, and it contained a March 9, 2019,

proof of service.[8] Additionally, the envelope in which the appeal was mailed

was post-marked March 11, 2019. Accordingly, Appellant mailed his notice of

appeal, at the latest, on March 11, 2019, and we conclude that Appellant's

appeal was timely. ***See Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa.

Super. 2011) (noting that the prisoner mailbox rule provides that a *pro se*

prisoner's document is deemed filed on the date he delivers it to prison

authorities for mailing).

Appellant raises the following issues for our review:

1. Did the trial court err in not dismissing all charges against
   [Appellant] when the Commonwealth failed to bring him to trial
   534 days after the complaint was filed, well outside the time

---

[8] As noted, although Appellant had counsel of record, when a counseled defendant files a *pro se* notice of appeal, the appeal will be accepted for filing because a criminal defendant has a right to an appeal. ***Williams***, 151 A.3d at 623.

limit prescribed by Pa.R.Crim.P. 600, and when the Commonwealth did not prove it acted with diligence?

2. Was [Appellant's] plea knowing, voluntary and intelligently made when the trial court and Commonwealth failed to establish a factual basis outlining the elements of the crime?

3. Did the trial court err in assigning costs to [Appellant] without first inquiring his ability to pay?

Appellant's Brief at 3.

## Rule 600

In his first issue, Appellant contends that the Commonwealth failed to bring him to trial in a timely manner under Rule 600. *Id.* By way of background, on September 20, 2018, Appellant filed a motion to dismiss, and he alleged that the Commonwealth failed to bring him to trial within 365 days from the date that the complaint was filed. The trial court held a hearing on October 1, 2018. At the conclusion of the hearing, the trial court denied Appellant's Rule 600 motion. Order, 10/1/18. The trial court concluded that Appellant was responsible for delays in scheduling the trial, and the days were excluded from the calculation of the run date; the trial court calculated Appellant's adjusted run date as November 22, 2018. N.T. Rule 600 Hr'g, 10/1/18, at 54.

On appeal, Appellant asserts that the trial court incorrectly calculated the date upon which Appellant should have been tried, and the trial court erred in denying Appellant's Rule 600 motion to dismiss. Appellant's Brief at 10-12. Specifically, Appellant asserts that the thirty-three days between December 21, 2017, and January 23, 2018, should not have been excluded. *Id.* at 9-

Appellant claims that when those thirty-three days are not excluded in the Rule 600 calculation, the adjusted run date would have occurred prior to November 5, 2018, the date Appellant entered his guilty plea. *Id.* at 12-13. Had he known that the adjusted run date had passed, Appellant alleges that he would not have entered a guilty plea on November 5, 2018. *Id.* at 13.

At the outset, we note that in order to be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered. ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008). The entry of a guilty plea waives all non-jurisdictional defects, other than the legality of sentence and the validity of the plea. ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014). When a defendant pleads guilty, an alleged violation of Rule 600 is reviewable only to the extent that the violation affected the voluntary nature of the plea. ***Commonwealth v. Sisneros***, 692 A.2d 1105, 1107 (Pa. Super. 1997).

Our standard and scope of review of a trial court's denial of a motion to dismiss pursuant to Rule 600 is as follows:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the lower court. In reviewing the determination of the hearing court, an appellate court must view the facts in the light most favorable to the prevailing party.

***Commonwealth v. Cook***, 865 A.2d 869, 875 (Pa. Super. 2004) (citation omitted).

Rule 600 provides, in relevant part, as follows:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*　　\*　　\*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence.  Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600.

Generally, the Commonwealth must bring a criminal defendant to trial before the "mechanical run date," meaning within 365 days from the date upon which a written criminal complaint is filed.  ***Commonwealth v. Leaner***, 202 A.3d 749, 766 (Pa. Super. 2019); Pa.R.Crim.P. 600(A)(2)(a).  However, our Supreme Court has explained that

the Rule 600 run date may be adjusted pursuant to the computational directives set forth in Subsection (C) of the Rule. For purposes of the Rule 600 computation, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." ***Id.*** 600(C)(1).  "Any other periods of delay," including those caused by the defendant, "shall be excluded from the computation." ***Id.***  When considering a Rule 600 motion, the

court must identify each period of delay and attribute it to the responsible party, then adjust the 365-day tally to arrive at the latest date upon which the Commonwealth may try the defendant [("the adjusted run date")]. Absent a demonstration of due diligence, establishing that the Commonwealth has done "everything reasonable within its power to guarantee that [the] trial begins on time," *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12, 17 (1998), the Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice. *See* Pa.R.Crim.P. 600(D)(1).

*Commonwealth v. Barbour*, 189 A.3d 944, 947 (Pa. 2018).

The complaint in this matter was filed on May 20, 2017, and 365 days thereafter was Sunday, May 20, 2018. Therefore, the mechanical run date was May 21, 2018. *See McCarthy*, 180 A.3d at 376; *see also* Pa.R.Crim.P. 600 cmt (stating that "[w]hen calculating the number of days set forth herein, see the Statutory Construction Act, 1 Pa.C.S. § 1908").

With respect to the inclusion or exclusion of days, Appellant has not alleged that there is any calculation whereby the adjusted run date would have occurred prior to October 1, 2018, the date on which the trial court entered its order denying Appellant's Rule 600 motion. Accordingly, there can be no abuse of discretion by the trial court in denying Appellant's Rule 600 motion on October 1, 2018, because at the time the trial court made its ruling, the adjusted run date had not yet occurred.

Additionally, we find no merit to Appellant's argument that the thirty-three days between December 21, 2017, and January 23, 2018, should not have been excluded. The December 21, 2017 call of the trial list order reflects that the trial date was continued on December 21, 2017, at Appellant's

request due to his application to Behavioral Health Court. The next call of the trial list order was January 23, 2018.[9] Appellant sets forth only his dissatisfaction at the court's calculation; however, he provides no authority for his assertion that the thirty-three days between December 21, 2017, and January 23, 2018, which was due to Appellant's request for a continuance, should not have been excluded.[10]

After review, we conclude that there was no abuse of discretion by the trial court in denying Appellant's Rule 600 motion. It is undisputed that the continuance from the call of the trial list on December 21, 2017 through the call of the trial list on January 23, 2018, was at Appellant's request. We note that dismissing the charges against a defendant based on a Rule 600 violation is within the discretion of the trial court, however, it is a "severe sanction," and "it should be used only in instances of absolute necessity." *Commonwealth v. Shaffer*, 712 A.2d 749, 752 (Pa. 1998). In this case, we observe no such necessity, and we conclude that there was no abuse of discretion. Accordingly, no relief is due.

---

[9] Appellant also argues that because he was informed that he was not accepted into the Behavioral Health Court on January 3, 2018, the time between that date and January 23, 2018 should not be excluded. Appellant's Brief at 9. However, Appellant provides no basis for this claim.

[10] We note that Appellant argues that the trial court erred when it excluded the time between January 23, 2018, and February 9, 2018. Appellant's Brief at 10. However, Appellant's argument is based on an incorrect reading of the record, which reflects that the trial court counted the time between January 23, 2018 and February 9, 2018 as running against the Commonwealth. N.T. Rule 600 Hr'g, 10/1/18, at 53. Accordingly, this claim is meritless.

**Validity of Guilty Plea**

In his second issue, Appellant contends that his guilty plea was not knowingly, voluntarily, and intelligently made because neither the trial court nor the Commonwealth established a factual basis outlining the elements of the crime of criminal use of a communication facility. Appellant's Brief at 13.

In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018). Pennsylvania "law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011). In response to Appellant's claim of error, the Commonwealth argues that this issue was waived. Commonwealth's Brief at 16. We are constrained to agree.

An appellant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the guilty plea colloquy or file a motion to withdraw the plea within ten days of sentencing. *Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720(A)(1) and (B)(1)(a)(i)). If the appellant fails to object during the guilty plea colloquy or file a motion to withdraw the plea, the claim is waived. *Id.* (citing *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006)).

This Court has explained that

[h]istorically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Commonwealth v. Roberts**, 352 A.2d 140, 141 (Pa. Super. 1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Likewise:

Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. . . . Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas . . . in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

**Lincoln**, 72 A.3d at 610 (some citations omitted, formatting altered).

Instantly, the record supports the Commonwealth's contention that Appellant did not object during the guilty plea colloquy, and he did not file a motion seeking to withdraw his guilty plea. Although Appellant filed a post-sentence motion in which he requested reconsideration of his sentence, nowhere in the motion did Appellant allege that an inadequate factual basis caused his plea to be involuntary. Accordingly, we agree with the

Commonwealth that this claim is waived, and Appellant is entitled to no relief.

***Lincoln***, 72 A.3d at 610.

Additionally, even if Appellant properly preserved this claim for review, we would conclude that the issue is meritless. Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be offered in open court, and it enumerates a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered.

> As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> Pa.R.Crim.P. 590, Comment.

***Yeomans***, 24 A.3d at 1046-1047 (footnote omitted). When questioned, the defendant is required to answer all inquiries during the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict his statements during the colloquy. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003).

Here, the record reveals that Appellant understood that he was pleading guilty, agreed that his attorney explained "all the things that a person must have done to be guilty of the crime or crimes to which" Appellant was pleading guilty, and admitted that he "did all the things a person must have done to be guilty of the crime or crimes to which [he was] pleading guilty." Guilty Plea Colloquy, 11/13/18, at ¶¶ 13-15.[11] The written colloquy also asked:

> 35. Your plea is based on factual accusations placed in writing by the police and sworn to before a District Justice who issued an arrest warrant for these charges. Are you willing to allow the Judge to incorporate these factual accusations into the record from the Affidavit of Probable Cause or would you prefer the Assistant District Attorney to summarize the facts on which you plead?

*Id.* at ¶ 35. Appellant answered: "Summarize." *Id.* During the oral colloquy, the Commonwealth offered the following summary of Appellant's crime:

> [The Commonwealth:] [To Appellant], you understand that by pleading guilty today you're admitting that on May 16th, 2017 and May 20th, 2017, in Cheltenham, Montgomery County, you unlawfully used a communication facility to commit the crime of possession with intent to deliver?
>
> [Appellant:] Yes.

N.T. Guilty Plea/Sentencing Hr'g, 11/5/18, at 11-12.

Appellant is expected to respond to the colloquy truthfully. *See Pollard*, 832 A.2d at 523. The record shows that Appellant declined to have

---

[11] Although the written guilty plea colloquy was completed, signed, and dated on November 5, 2018, the same day that Appellant entered his guilty plea on the record, and marked and admitted as Exhibit D-1, N.T. Guilty Plea/Sentencing Hr'g, 11/5/18, at 13, the written colloquy was not entered on the docket until November 13, 2018.

- 15 -

the factual basis from the affidavit of probable cause incorporated into the record. Instead, he asked only that the Commonwealth summarize the factual basis of the crime. Additionally, Appellant then stated that he understood the summary. As we discussed above, Appellant did not ask for clarification, object, or file a post-sentence motion raising this issue before the trial court. We conclude that, based on totality of the circumstances, **Jabbie**, 200 A.3d at 505, the summary adequately informed Appellant of the factual basis for his plea. Therefore, even if Appellant properly preserved this issue, we would conclude that he is entitled to no relief.

**Ability to Pay Costs**

In his final issue, Appellant claims the trial court erred when it ordered Appellant to pay the costs of prosecution without first determining Appellant's ability to pay in violation of Pa.R.Crim.P. 706(C). Appellant's Brief at 15. Appellant contends that because the trial court failed to determine Appellant's ability to pay, the imposition of costs was illegal and should be vacated. **Id.** at 21.

The imposition of fines and costs at sentencing implicates the legality of the sentence and cannot be waived. **See Commonwealth v. Boyd**, 73 A.3d 1269, 1270 (Pa. Super. 2013) (*en banc*); **see also Commonwealth v. Lehman**, 201 A.3d 1279 (Pa. Super. 2019), *aff'd*, 243 A.3d 7 (Pa. 2020). Additionally, the interpretation of the Pennsylvania Rules of Criminal Procedure presents a question of law for which our standard of review is *de*

*novo* and our scope of review plenary. ***Commonwealth v. Kemick***, 240 A.3d 214, 219 (Pa. Super. 2020). Rule 706(C) provides as follows:

> The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

Pa.R.Crim.P. 706(C).

Recently, an *en banc* panel of our Court considered whether the trial court was required to determine the appellant's ability to pay before imposing court costs at sentencing following the revocation of his probation. ***See Commonwealth v. Lopez***, ___ A.3d ___, 2021 PA Super 51, 2021 WL 1096376 (Pa. Super. filed Mar. 23, 2021) (*en banc*).[12] In ***Lopez***, this Court concluded that although the trial court has the discretion to hold an ability-to-pay hearing at sentencing, Pa.R.Crim.P. 706(C) only **requires** the court to hold such a hearing **when the defendant faces incarceration for failure to pay court costs that were previously imposed**. ***Lopez***, 2021 WL 1096376 at *___ (emphasis added).

The record here supports Appellant's claim insofar as, at sentencing, the trial court imposed sentence and assessed court costs, but it did not make a determination concerning Appellant's ability to pay. ***See*** N.T. Guilty Plea/Sentencing Hr'g, 11/5/18, at 13. Instantly, it is undisputed that Appellant was not facing incarceration for failing to pay previously imposed

---

[12] Appellant correctly noted that this issue was pending before the *en banc* Court at the time briefs were filed. Appellant's Brief at 21.

court costs. Accordingly, consistent with *Lopez*, the trial court did not abuse its discretion nor commit error when it assessed court costs without holding an ability to pay hearing.

For the reasons set forth above, we conclude that Appellant is due no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2021