J-A18018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAYCIN STILLWAGON | : | |
| | : | |
| Appellant | : | No. 1143 WDA 2020 |

Appeal from the Order Entered August 6, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  No. CP-26-CR-993-2019

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: AUGUST 10, 2021**

Appellant Jaycin Stillwagon appeals *pro se* from the order denying her motion to dismiss the charge of interfering with the custody of children[1] on double jeopardy grounds.  We vacate the trial court's order and remand with instructions.

Because we write for the parties, we need not reiterate the factual and procedural background of this matter.  We note that on July 23, 2020, Appellant filed a motion to dismiss the criminal information, asserting that the instant prosecution violated constitutional protections against double jeopardy.  On August 6, 2020, the trial court denied Appellant's motion

_____

[1] 18 Pa.C.S. § 2904(a).

without holding a hearing, placing findings of fact or conclusions of law on the record, or determining whether Appellant's motion was frivolous.[2]

Appellant subsequently filed a timely notice of interlocutory appeal by permission, which this Court granted. *See* Order, 78 WDM 2020, 10/29/20. Both Appellant and the trial court complied with Pa.R.A.P. 1925. However, in its Rule 1925(a) opinion, the trial court did not include findings of fact or a determination concerning whether Appellant's motion was frivolous.

On December 18, 2020, Appellant filed an application in this Court to proceed *pro se*. In her application, Appellant represented that the trial court granted Attorney Joseph Pometto's December 4, 2020 motion to withdraw as counsel on December 7, 2020. However, copies of the Attorney Pometto's December 4, 2020 motion to withdraw and the trial court's December 7, 2020 order granting Attorney Pometto leave to withdraw were not included in the certified record. Further, neither the trial court docket nor the certified record indicated whether the trial court considered whether Appellant was entitled to counsel and, if so, whether Appellant knowingly, intelligently, voluntarily waived her right to counsel on appeal. *See Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998); *see also* Pa.R.A.P. 1311(d) & Note. Nevertheless, this Court granted Appellant's application to proceed *pro se* on December 21, 2020.

---

[2] We have amended the caption of this appeal to reflect the date of entry of the order. *See* Pa.R.A.P. 108(a)(1), (d)(1) (providing that the date of entry of an order is the date on which copies of the order are sent to the parties).

On appeal, Appellant contends that the trial court erred in denying her motion to dismiss on double jeopardy grounds and by failing to conduct a hearing as required by Pa.R.Crim.P. 587(B). Appellant's Brief at 24-35.

The Commonwealth responds that the trial court properly denied Appellant's double jeopardy motion. Commonwealth's Brief at 6-12. The Commonwealth also argues that Appellant's claim the trial court erred by not holding a hearing is moot because this case is presently before this Court for a review of the merits of her motion. *Id.* at 14. The Commonwealth acknowledges that this Court remanded a similar case to the trial court for further proceedings in *Commonwealth v. Kemick*, 240 A.3d 214 (Pa. Super. 2020), but requests that we affirm the trial court's order. *Id.* at 14-16.

Initially, we must address whether Appellant waived her right to counsel knowingly, voluntarily and intelligently. "A defendant has a right to counsel at every critical stage of a criminal proceeding. A stage in a criminal proceeding is considered critical when certain legal rights may be lost if not exercised at that stage." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1261 (Pa. Super. 2005) (citations omitted). If a defendant is unable to afford counsel, she has the right to have counsel appointed for her. *Commonwealth v. Carlson*, 244 A.3d 18, 22-23 (Pa. Super. 2020); Pa.R.Crim.P. 122(A).

However, a defendant also has a right to self-representation and may choose to waive counsel and proceed *pro se*. *Commonwealth v. Blakeney*, 946 A.2d 645, 655 (Pa. 2008).

Our Supreme Court has explained:

Before a defendant will be permitted to proceed *pro se*, the defendant must knowingly, voluntarily, and intelligently waive [her] Sixth Amendment right to counsel. To ensure a proper waiver, the trial court must conduct a "probing colloquy," . . .

The "probing colloquy" standard requires Pennsylvania trial courts to make a searching and formal inquiry into the questions of (1) whether the defendant is aware of [her] right to counsel or not and (2) whether the defendant is aware of the consequences of waiving that right or not. Specifically, the court must inquire whether or not: (1) the defendant understands that [she] has the right to be represented by counsel, and the right to have free counsel appointed if [she] is indigent; (2) the defendant understands the nature of the charges against [her] and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if [she] waives the right to counsel [she] will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5) the defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (6) the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

If the trial court finds that the defendant's waiver is not knowing, voluntary, and intelligent after a probing colloquy, the court may prevent the defendant from proceeding *pro se*.

*Id.* (citations omitted and formatting altered).

Likewise, when a defendant seeks to waive the right to counsel at the appellate stage, "an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Grazier*, 713 A.2d at 82; *see also* Pa.R.A.P. 1311(d) & Note. Lastly, "[i]t is well established that

a defendant can waive the right of self-representation after asserting it." ***Commonwealth v. Bryant***, 855 A.2d 726, 737 (Pa. 2004) (citations omitted).

Instantly, the certified record does not indicate whether the trial court made an on-the-record determination of whether Appellant's purported waiver of her right to counsel was knowing, intelligent, and voluntary before granting Attorney Pometto's December 4, 2020 motion to withdraw. ***See Grazier***, 713 A.2d at 82. Therefore, we must vacate our December 21, 2020 order granting Appellant's application to proceed *pro se* and remand for a hearing on Appellant's waiver of her right to counsel.

We add that in ***Kemick***, this Court vacated an order denying a motion to dismiss on double jeopardy grounds because the trial court did not hold a hearing on the motion, place findings of fact or conclusions of law on the record, or determine whether the motion was frivolous as required by Pa.R.Crim.P. 587(B). ***Kemick***, 240 A.3d at 220-21. This Court reversed and remanded the case to the trial court to comply with Rule 587. ***Id.*** at 221.

Here, the trial court denied Appellant's motion without holding a hearing, placing findings of fact or conclusions of law on the record, or determining whether Appellant's double jeopardy motion was frivolous. ***See*** Order, 8/6/20. Therefore, we are constrained to vacate the trial court's order and remand this case for the trial court to comply with Pa.R.Crim.P. 587(B). ***See Kemick***, 240 A.3d at 220-21.

For these reasons, in the interest of judicial economy, we remand this matter to the trial court to conduct both a hearing on Appellant's right to counsel and a Rule 587 hearing on Appellant's motion to dismiss based on double jeopardy.

Specifically, the trial court shall make an on-the-record determination as to whether Appellant wishes to proceed *pro se* for the proceedings before the trial court on remand, and if so, whether Appellant's waiver of counsel is knowing, intelligent, and voluntary.[3]  **See Blakeney**, 946 A.2d at 655.  If Appellant does not waive her right to counsel, the trial court must determine if Appellant is entitled to the appointment of counsel.  **See Carlson**, 244 A.3d at 22-23; Pa.R.Crim.P. 122(A).

Additionally, after resolving the counsel issue, the trial court should conduct a hearing to litigate Appellant's motion to dismiss based on double jeopardy pursuant to Pa.R.Crim.P. 587(B) and further should determine whether Appellant's motion is frivolous if the trial court denies the motion. Further, the trial court should ensure that Appellant is advised of her appellate rights as required by Pa.R.Crim.P. 587(B)(5)-(6).

---

[3] Even if the trial court already conducted a **Grazier** hearing and made its determination as to Appellant's desire to proceed *pro se*, before granting Attorney Pometto's December 4, 2020 motion to withdraw, the trial court shall inquire on the record concerning whether Appellant wishes to continue *pro se* or if she wishes to be represented by counsel for the remand proceedings. **See Bryant**, 855 A.2d at 737.

Order vacated. Oral argument cancelled. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/10/2021