J-A11007-24

2024 PA Super 178

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN A. CASTANEIRA | : | |
| | : | |
| Appellant | : | No. 1481 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 18, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-SA-0000107-2023

BEFORE: BOWES, J., STABILE, J., and MURRAY, J.

OPINION BY BOWES, J.: **FILED: AUGUST 12, 2024**

Ryan A. Castaneira appeals from the $25 fine imposed following his conviction of one count of unlawful activities, a summary offense in violation of 75 Pa.C.S. § 4107(b)(2), relating to the window tint on his vehicle. We affirm.

The trial court recounted the factual and procedural history of this matter as follows:

> On January 10, 2023, Officer Jonathan Dudek of the Hampden Township Police Department was on patrol within the bounds of his jurisdiction in Cumberland County, Pennsylvania, when he encountered a 2017 Honda Accord driving on the roadway. Officer Dudek observed that the vehicle in question had a window tint which appeared to be darker than that permitted by law, and he performed a traffic stop to further investigate the matter. [The degree of tint did not completely obscure his ability to see through the window.] After pulling over the Honda Accord, Officer Dudek identified the driver as Appellant.
>
> As part of the stop [and without obtaining a search warrant or asking for permission], Officer Dudek performed a light transmittance test of the tinted passenger-side front window,

revealing that it allowed a light transmittance of 31%, which is below the 70% light transmittance required by statute and regulation. Officer Dudek informed Appellant of the nature of the violation, and provided him with both a warning and the opportunity to remove the offending window tint within five days in order to avoid being cited. After being allowed to leave the scene with the warning and grace period intact, Appellant called Officer Dudek to inform him that he was not interested in removing the window tint. That statement led to Officer Dudek citing Appellant for violation of § 4107(b)(2).

The initial summary trial in this matter was held by the magisterial district court on May 15, 2023, following which Appellant was found guilty . . . . A timely summary appeal was filed by Appellant on June 8, 2023, and the trial *de novo* was heard by this court on September 18, 2023. . . .

Relevant to this appeal, Appellant was found guilty of violating § 4107(b)(2) and sentenced to pay a $25 fine and the costs of prosecution. Following his conviction . . . , Appellant filed a motion for reconsideration, arguing that his conviction was improper. Because reconsideration was not expressly granted, there was no stay of the appeal period and Appellant filed a timely notice of appeal to the Superior Court on October 18, 2023.

Trial Court Opinion, 11/29/23, at 3-5 (internal footnotes omitted).

The trial court ordered Appellant to file a statement of errors pursuant to Pa.R.A.P. 1925(b), and he complied. The court thereafter issued a responsive opinion. Appellant presents the following six issues for our review, which we have reordered for ease of disposition:

I. Whether the trial court erred by imposing a sentence under [§ 4107(d)] when the Commonwealth failed to adduce any evidence that Appellant was operating a motor carrier vehicle or a bus?

II. Whether window tint that satisfies the exemption in [§ 4524(e)(1)] is a legally sufficient, sole reason to initiate a traffic stop?

III. Whether window tint that satisfies the exemption stated in [§ 4524(e)(1)] exempts one from prosecution under the theory that the same window tint can violate a window tint regulation promulgated by PennDOT under § 4524?

IV. Whether Table X referenced by 67 Pa.Code § 175.67 (Glazing), promulgated under the authority of, *inter alia*, [§ 4524(e)], can criminalize window tint that meets the exemption set forth under § 4524(e)(1)?

V. Whether the charging instrument was insufficient as a matter of law by alleging a violation of [§ 4107(b)(2)] by alleging only "(PF) 31% LIGHT TRANSMISSION – FAILED TO COMPLY WITH WARNING ISSUED ON 1/10/23"?

VI. Whether the lower court erred by holding that the Commonwealth was not required to obtain a search warrant prior to subjecting his window tint to an analysis using a light transmission meter that must be placed on the inside of the car if that same window tint meets the statutory exemption set forth in [§ 4524(e)(1)]?

Appellant's brief at 5-6 (cleaned up).

In his first claim, Appellant asserts that there was insufficient evidence of guilt because he was not operating either a motor carrier vehicle or a bus at the time of the offense, and that he therefore could not have been sentenced to pay a $25 fine. *See* Appellant's brief at 13-16. We consider this position mindful of the following well-settled standard of review:

When reviewing a [sufficiency] claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of

wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances.

***Commonwealth v. Roberts***, 293 A.3d 1221, 1223 (Pa.Super. 2023) (cleaned up).

Appellant's issue also requires us to interpret § 4107 and other provisions of the Vehicle Code. This likewise presents a question of law, and therefore our standard of review is *de novo* and our scope of review plenary. ***See Vellon v. Dep't of Transportation, Bureau of Driver Licensing***, 292 A.3d 882, 890 (Pa. 2023) (cleaned up). Statutory interpretation is conducted in accordance with the Statutory Construction Act:

Pursuant to that Act, "[t]he object of all statutory interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. ***Id***. § 1921(b). When, however, the words of a statute are not explicit, a court may discern the General Assembly's intent by examining considerations outside of the words of the statute. ***Id***. § 1921(c). In addition, when construing a statute, we must, if possible, give effect to all of its provisions. ***Id***. § 1921(a).

The Statutory Construction Act also instructs that, in ascertaining the intention of the General Assembly in enacting a statute, several presumptions may be used. ***Id***. § 1922. Among those presumptions is that "the General Assembly intends the entire statute to be effective and certain." ***Id***. § 1922(2). We also may presume that the General Assembly does not intend absurd or unreasonable results. ***Id***. § 1922(1). As this Court wisely stated over sixty years ago, to avoid such results, we "must read [statutes] in the light of reason and common sense." ***Ayers v.***

- 4 -

> *Morgan*, 154 A.2d 788, 789 (Pa. 1959). [Further], we may presume that the General Assembly does not intend to violate the Constitution of the United States or this Commonwealth. 1 Pa.C.S. § 1922(3).

*Id*. at 890 (citations altered). We additionally observe that our legislature has directed that statutes that are *in pari materia*, *i.e.*, that "relate to the same persons or things or to the same class of persons or things[,]" must "be construed together, if possible, as one statute." 1 Pa.C.S. § 1932(a), (b).

Appellant was convicted of violating § 4107 of the Vehicle Code, which provides as follows in pertinent part:

> **(b) Other violations.**--It is unlawful for any person to do any of the following:
>
> . . . .
>
> (2) Operate, or cause or permit another person to operate, on any highway in this Commonwealth any vehicle or combination which is not equipped as required under this part or under department regulations or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations.
>
> . . . .
>
> **(d) Penalty.**--
>
> (1)(i) [With exceptions not relevant here], a person who operates a motor carrier vehicle or a bus in violation of subsection (b)(2) commits a summary offense and, upon conviction, shall be sentenced to pay a fine of $25 per violation, except that the minimum fine for a violation not related to driver's hours of service which causes the driver or the vehicle to be placed out of service under section 4704(c) (relating to inspection by police or Commonwealth personnel) shall be $50 per violation. The maximum fine

which may be levied on the basis of multiple charges filed together shall be $500.

. . . .

(2)(i) [With exceptions not relevant here], a person who causes, permits, requires or otherwise allows another person to operate a motor carrier vehicle or a bus in violation of subsection (b)(2) commits a summary offense and, upon conviction, shall be sentenced to pay a fine of $50 per violation, except that the minimum fine for a violation not related to driver's hours of service which causes the driver or the vehicle to be placed out of service under section 4704(c) shall be $100 per violation. The maximum fine which may be levied on the basis of multiple charges filed together shall be $1,000.

75 Pa.C.S. § 4107.

By its plain language, § 4107(b)(2) makes it a violation to operate any vehicle that is not in compliance with promulgated department regulations. A vehicle is defined as "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks." 75 Pa.C.S. § 102. As will be discussed *infra*, the references to motor carrier vehicles and buses in subsection (d) does not limit the applicability of subsection (b), but rather provides penalties specific to operators of those types of vehicles.

Appellant's citation arose due to the tint on his windows, which is addressed in the following regulation concerning glazing for passenger cars:

(d) *Obstructions*. A vehicle specified under this subchapter shall have glazing free from obstructions as described in § 175.80 (relating to inspection procedure).

. . . .

> (4) A sun screening device or other material which does not permit a person to see or view the inside of the vehicle is prohibited, unless otherwise permitted by FMVSS No. 205, or a certificate of exemption has been issued in compliance with § 175.265 (relating to exemption provisions). **See Table X for specific requirements for vehicles subject to this subchapter. Passenger car requirements relating to the rear window are delineated by vehicle model year in Table X**.

67 Pa.Code § 175.67(d) (emphasis added).

In turn, Table X states that with respect to passenger cars year 1998 or newer, an acceptable light transmittance level for the front side windows/wings, rear side windows/wings, and rear windows are all 70%. *See* 67 Pa.Code 175, Table X.

Also relevant to this issue is § 6502(b) of the Vehicle Code, which provides for penalties and disposition of fines relating to summary offenses:

> **(b) Violations of regulations.**--It is a summary offense for a person to violate any provision of any regulation promulgated under the authority of this title. A person convicted of violating any provision of a regulation promulgated under the authority of this title shall pay the fine established in the section of this title on which the regulation is based or, if no fine is established in that section of this title, the fine shall be $25.

75 Pa.C.S. § 6502(b).

With this background in mind, we now turn to Appellant's argument. He claims that he could not be sentenced for violating § 4107(b)(2) because he was not driving either a bus or motor carrier vehicle at the time he was issued the citation. *See* Appellant's brief at 14. Appellant points to the penalty provision in subsection (d), noting that it applies only when a person operates

or causes another to operate one of those two types of vehicles. *Id*. Additionally, he interprets § 6502(b) as requiring that any penalty arising from a violation of § 4107 must be sentenced in accordance with § 4107(d), since it establishes a specific fine therein. *Id*. Appellant concludes that as the penalty provision does not apply to his conduct since he was driving a personal vehicle, he therefore could not be fined pursuant to either § 4107 or § 6502. *Id*. at 16.

In addressing this issue, the trial court reviewed the language of § 4107(b)(2), noting that it applies if a person operates "**any vehicle** . . . when the driver is in violation of department regulations[.]" Trial Court Opinion, 11/29/23, at 7 (emphasis in original). It reasoned that Appellant was driving a "vehicle" as defined within the Vehicle Code, and that a plain reading of the statute means that it would apply to Appellant while he was operating his Honda Accord. *Id*. at 10. For its part, the Commonwealth adds that the specific penalty provision found within § 4107(d) is not pertinent in this case, so that we must default to § 6502, which generally permits imposition of the $25 fine imposed upon Appellant for violating a promulgated regulation. *See* Commonwealth's brief at 11-12.

Upon review, we find that the evidence supports Appellant's conviction of unlawful activities. It is clear that Appellant was in violation of § 4107(b)(2) because (1) he operated a vehicle and (2) the tint on his windows only permitted light transmittance of 31%. This is not compliant with the promulgated regulations, specifically 67 Pa.Code § 175.67, which incorporates

Table X and calls for a minimum level of 70% light transmittance. Thus, to the extent Appellant generally challenges the sufficiency of the evidence to sustain his conviction, he is not entitled to relief.

Additionally, we conclude that the trial court appropriately sentenced Appellant to pay a $25 fine for this violation. We reject Appellant's claim that he may only be sentenced if he was driving a bus or motor carrier vehicle. Section 4107(b)(2) plainly prohibits a person driving **any vehicle** from doing so in a way that violates a regulation. The penalty provision found within subsection (d) is a targeted and enhanced penalty that applies in limited circumstances, such as if the operator was driving a bus or motor carrier vehicle. Were we to adopt Appellant's interpretation of the statute, we would render ineffective the General Assembly's decision to use the words "any vehicle" in § 4107(b)(2) and convert the offense into one that governs a narrow subset of drivers. This is an "unreasonable result" that we will not endorse. *See Vellon*, 292 A.3d at 890.

Instead, we read § 4107 as a whole, enumerating a violation for conduct and providing an enhanced penalty under certain circumstances, such as when the conditions of subsection (d) are satisfied. *See* 1 Pa.C.S. § 1932(a), (b). As the Commonwealth suggests, when, as here, this penalty provision is not triggered, we must apply § 6502(b), which authorizes imposition of a $25 fine generally when a driver operates a vehicle in violation of a promulgated regulation. This interpretation of § 4107 satisfies our duty to read statutes "in the light of reason and common sense" and to give effect to the plain

language of all its parts. *See Vellon*, 292 A.3d at 890. Accordingly, we conclude that the trial court did not err in either convicting Appellant of violating § 4107(b)(2) or imposing the instant fine based on this claim.

We address Appellant's next three issues together. Therein, he asserts that Officer Dudek's mere observation of a window tint did not give him an adequate basis upon which to perform a traffic stop, and that Appellant could not be convicted of § 4107 because he purportedly fulfilled exemptions contained within other provisions of the Vehicle Code. *See* Appellant's brief at 16-25, 29-33. Although these claims involve different procedural postures, they are connected by a common thread in that they all concern the interplay between § 4107, 67 Pa.Code § 175.67, the regulation discussed above, and § 4524, a provision under which Appellant was neither charged nor convicted. Since these issues again require us to interpret statutes, our standard of review is *de novo* and our scope of review plenary. *See Vellon*, 292 A.3d at 890.

The relevant portion of § 4524 states as follows: "No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle." 75 Pa.C.S. § 4524(e).

The thrust of Appellant's argument in these claims is that this subsection specifically prohibits a window tint that does not permit a person to see into the vehicle, and accordingly it overrides the more general provision found at § 4107, which relies upon a general reference to regulations. *See* Appellant's

brief at 16-18. In the same vein, he highlights a portion of the regulation at 67 Pa.Code § 175.67, noting that it "make[s] it clear that unless the threshold condition of not permitting one to see or view the interior of the vehicle is not met, the statutory proscription and regulation simply don't apply, regardless of a Table X." *Id*. at 18. As such, for police to stop a driver and cite him with respect to a window tint, it must be done in accordance with § 4524(e), or in other words, when the officer cannot see through the window. *Id*. at 21. Appellant correctly recounts that in this case, Officer Dudek's testimony established that he could see into Appellant's vehicle. *Id*. Based on this, Appellant concludes that the officer had no basis to stop him, and likewise that his conviction cannot stand since his conduct did not violate either the regulation found at 67 Pa.Code § 175.67 or § 4524(e).

In its Rule 1925(a) opinion, the trial court noted that Appellant's contentions appear to rely in part upon the principle of the "general/specific rule," wherein a more specific statute trumps a more general one unless there is express indication to the contrary from the legislature. *See* Trial Court Opinion, 11/29/23, at 13. The court noted that this rule has been abrogated, and instead our case law delineates that a person may be charged with multiple violations of the Vehicle Code based upon a single act or series of acts. *Id*. at 14 (citing *Commonwealth v. Kriegler*, 127 A.3d 840 (Pa.Super. 2015)). Therefore, it found that Appellant could be convicted of violating § 4107(b)(2), despite engaging in conduct that does not run afoul of § 4524(e).

Additionally, the trial court, Appellant, and the Commonwealth all discuss our decision of *Commonwealth v. Brubaker*, 5 A.3d 261 (Pa.Super. 2010), with respect to these issues. There, the Commonwealth charged the defendant with violating § 4524(e) when the window tint measured 36.6% light transmittance. The trial court found the defendant guilty, holding that although the testifying officer could see into the vehicle, the level of tint nevertheless violated PennDOT's regulation. This Court reversed, concluding that by its language, § 4524 did not make any reference to or otherwise incorporate any regulations identifying light transmittance requirements, including Table X. Accordingly, because the officer could see into the vehicle, the Commonwealth did not prove one of the required elements of § 4524(e). *See Brubaker*, 5 A.3d at 265-66. Although it did not expressly indicate so, the *Brubaker* Court suggested that in order to rely upon PennDOT's glazing and window tint requirements, the Commonwealth would need to charge a person with violating § 4107(b)(2), as it did in this case, not § 4524(e).

After careful review, we conclude that Appellant's conviction withstands his challenges herein. First, to the extent that Appellant's claim asserts that he could not be convicted of § 4107 simply due to the existence of another provision addressing window tints, he is mistaken. As the trial court noted, the "general/specific rule" has been abrogated and the Commonwealth may charge Appellant with any and all applicable violations of the Vehicle Code, even if they arise from a single act. *See Kriegler*, 127 A.3d at 844.

Further, we are not persuaded by Appellant's interpretation of 67 Pa.Code § 175.67, namely that it allows invocation of Table X only in the event a person cannot see through a window tint. While that regulation does expressly make it a summary violation for a vehicle to have a window tint that does not permit visibility inside, just like § 4524(e), it does more. It additionally states, "[s]ee Table X for specific requirements for vehicles subject to this subchapter. Passenger car requirements relating to the rear window are delineated by vehicle model year in Table X." 67 Pa.Code § 175.67. Table X, in turn, articulates the specific light emittance requirements for passenger vehicles, such as Appellant's.

By its plain language, this regulation prohibits tints that **either** prevent a person from seeing into the vehicle **or** do not comply with Table X. As this Court alluded to in **Brubaker**, since § 4107(b)(2) references regulations and thereby extends to Table X by incorporation, it is the appropriate mechanism for charging violations for window tints that do not allow adequate light transmittance. Thus, there was no error in the trial court finding Appellant guilty of violating § 4107(b)(2), despite the officer being able to see through the windows. The trial court likewise did not err in concluding that Officer Dudek had sufficient justification to initiate a traffic stop of Appellant's vehicle

based on a perceived window tint violation, as the officer had reasonable suspicion of the violation.[1]  No relief is due.

In his next issue, Appellant claims that "the charging instrument was insufficient as a matter of law" pursuant to Pa.R.Crim.P. 403.[2]  **See** Appellant's brief at 10.  We have stated that "[t]he interpretation of and the application of the Pennsylvania Rules of Criminal Procedure present questions of law for which our standard of review is *de novo* and our scope of review plenary." **Commonwealth v. Kemick**, 240 A.3d 214, 219 (Pa.Super. 2020) (citation omitted).

Rule 403 enumerates the requirements for citations issued as to summary offenses.  Pertinent to Appellant's claim, the rule requires "a citation of the specific section and subsection of the statute or ordinance allegedly

---

[1] As part of this claim, Appellant compares this case to **Commonwealth v. Barr**, 266 A.3d 25 (Pa. 2021), wherein our High Court determined that "the odor of marijuana alone does not amount to probable cause to conduct a warrantless search of a vehicle, [but] rather, may be considered as a factor in examining the totality of the circumstances."  Appellant's brief at 24 (citing **Barr**, 266 A.3d at 44).  Appellant contends that similarly, "the presence of window tint alone cannot form the requisite probable cause to initiate a traffic stop."  Appellant's brief at 25.  We find **Barr** inapposite since it concerned the scope of performing a warrantless search of the interior of a vehicle after it was otherwise stopped for a Vehicle Code violation, not the adequacy of the basis for the initial stop.

[2] As noted *supra*, the citation in question identified that charge as § 4107(b)(2) and stated within the confidential information section:  "(PF) 31% LIGHT TRANSMISSION – FAILED TO COMPLY WITH WARNING ISSUED ON 01-10-23."  Traffic Citation, Citation No. E0017978-2.

violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged." Pa.R.Crim.P. 403(a)(6).

Appellant argues that the Commonwealth did not satisfy that rule, particularly because:

> Here, the citation alleges a light transmission value, without reference to any standard, and failure to comply with a warning. Crucially, having a light transmission value of 31% or being noncompliant with a police warning notice are not manners in which § 4107(b)(2) can be violated, according to the plain language of the statute.
>
> Without reference to Table X, or the regulatory language of 67 Pa.Code § 175.67(d)(4) which references Table X, the citation failed to: (1) provide actual notice of what Appellant was on notice to defend, (2) protect him from further prosecution for the same offense, and (3) provide the Court of Common Pleas the appropriate standard under which to determine the sufficiency of the prosecution's case. For purposes of the intended charge, as elucidated at trial, the relevant regulatory section or specific regulatory standard must be alleged.

Appellant's brief at 11-12 (citation omitted, cleaned up).

In contrast, the trial court noted that "the citation issued to Appellant informed him that his vehicle's windows did not meet the light transmittance requirements necessary to safely operate the vehicle on Pennsylvania roadways, and properly cited . . . § 4107(b)(2) in that regard." *See* Trial Court Opinion, 11/29/23, at 11. Further, the Commonwealth analyzed this claim thusly:

> Here, Appellant was issued a police warning notice, number W3H6Z2PJPH5, by Officer Dudek on January 10, 2023, as a result of the traffic stop. The police warning notice specified in the comments section that passenger front window of his vehicle had thirty-one percent (31%) light transmission and directed

> Appellant to comply with "Penndot Pub. 45 Table X (all windows including rear)." . . . Additionally, Officer Dudek informed Appellant that he needed to remove the window tint on his vehicle. When Appellant failed to comply with the warning card, Officer Dudek filed citation number E0017978-2 against Appellant for Unlawful Activities, specifically citing [§ 4107(b)(2)], and listed in the confidential information section that the passenger front window had thirty-one percent (31%) light transmission and referenced the police warning notice.

Commonwealth's brief at 16-17 (some capitalization altered).

We find that the citation at issue was "sufficient to advise [Appellant] of the nature of the offense charged." Pa.R.Crim.P. 403(a)(6). It specifically enumerated a § 4107(b)(2) offense, asserting that Appellant's vehicle was "not appropriately equipped." Traffic Citation, Citation No. E0017978-2. It also listed the measurement of his light transmittance, and Appellant could then compare to the levels identified in Table X, which was referenced on the initial written warning notice provided by Officer Dudek. Together, with the description of the light transmittance percentage, this provided Appellant adequate notice of the specific subsection charged and an adequate summary of the facts to understand the nature of the violation.

Appellant's belief that the citation was required to set forth every element required to be proven by the Commonwealth is unfounded, as neither Rule 403 nor any authority contains such a mandate. Further, while Appellant contends that he was not put on notice of the specific violations because of his belief that one cannot violate § 4107(b)(2) merely by not complying with Table X, this argument again evokes his erroneous interpretation of § 4524(e)

as overriding § 4107, which we have rejected above. Therefore, Appellant has not convinced us that the citation in this case was insufficient.

Appellant's remaining claim asserts that Officer Dudek violated his constitutional rights by conducting a window tint check without first obtaining a search warrant. *See* Appellant's brief at 25-29. This appears to be an issue of first impression within the Commonwealth. Since it "implicates constitutional requirements and raises a pure question of law, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Santiago***, 209 A.3d 912, 919 (Pa. 2019) (citation omitted).

The Fourth Amendment of the United States Constitution guarantees individuals the freedom from unreasonable searches and seizures. ***See Commonwealth v. Luczki***, 212 A.3d 530, 542 (Pa.Super. 2019). Likewise, The Pennsylvania Constitution provides that "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue . . . without probable cause, supported by oath or affirmation subscribed to by the affiant." Pa. Const. art. 1, § 8.

Further:

Our Supreme Court has explained that the twin aims of Article I, Section 8 are the safeguarding of privacy and the fundamental requirement that warrants shall only be issued upon probable cause. Nonetheless, no right is absolute, and the focus of search and seizure law remains on the delicate balance of protecting the right of citizens to be free from unreasonable searches and seizures and protecting the safety of our citizens and police

officers by allowing police to make limited intrusions on citizens while investigating crime.

**Commonwealth v. Bowens**, 265 A.3d 730, 747 (Pa.Super. 2021) (*en banc*)

(citations omitted).

The Vehicle Code grants authority for police officers to gather certain information in furtherance of investigations as to any related violations:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number [("VIN")] or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b).

As to this issue, Appellant relies upon the holding of our High Court in **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020), that "warrantless vehicle searches require both probable cause and exigent circumstances; one without the other is insufficient." **See** Appellant's brief at 27 (citing **Alexander**, 243 A.3d at 207). He contends that the Commonwealth offered no exigent circumstances in this case, and thus was not permitted to search his vehicle without a warrant, which it did when it utilized the window tint meter on his window. **See** Appellant's brief at 28. Appellant laments that if the Commonwealth is free to conduct searches of every window with any level of tint, it would destroy citizens' enjoyment of privacy rights. **Id**.

The trial court concluded that *Alexander* was inapplicable, instead citing *Rodriguez v. United States*, 575 U.S. 348 (2015), for the proposition that upon performing a lawful traffic stop, officers are "permitted to make inquiries related to the mission addressed by that stop; namely, addressing the underlying violation and attending to any related safety concerns." Trial Court Opinion, 11/29/23, at 15-16 (cleaned up). It further found that no search was performed as the term is contemplated by our constitution, and that rather, the officer was merely advancing his statutory authority to investigate pursuant to § 6308(b). *Id*. at 16.

Likewise, the Commonwealth purports that application of the window tint meter was "akin to securing a vehicle's identification number or engine number[.]" Commonwealth's brief at 26. It further distinguishes *Alexander* from this case, contending that "unlike the officer in *Alexander*, who searched the interior of the vehicle, Officer Dudek merely applied a window tint meter to the already partially down front passenger side window[.]" *Id*. The Commonwealth posits additionally that Pennsylvania courts have not determined that "a person's reasonable expectation of privacy extends to window tint, which is readily viewable to anyone in a public place, such as a highway." *Id*. at 27.

Upon review, we find that Officer Dudek's use of the light transmittance device, despite not being significantly intrusive, did constitute a search in this instance. Certainly, it is as much a search as examining a vehicle from the outside to obtain a VIN. *See Commonwealth v. Grabowski*, 452 A.2d 827,

833 (Pa.Super. 1982) (external examination of a vehicle to obtain the VIN was a reasonable search, and thus not in violation of the defendant's Fourth Amendment rights).

Nonetheless, application of the window tint meter here was not unreasonable in light of the authority granted to officers pursuant to § 6308(b). It is true that performing this test may occasionally involve manipulation of the glass to be tested; however, that is not materially different than opening a car door in order to verify a VIN or raising a hatch to confirm an engine number. *See*, *e.g.*, *New York v. Class*, 475 U.S. 106, 119 (1986) (concluding that opening a door to remove papers that were blocking a VIN did not constitute an unreasonable search, as drivers lack an expectation of privacy in the VIN). We find this search to be in the same class of others that may be conducted without a warrant, if supported by reasonable suspicion, such as canine sniffs. *See Commonwealth v. Green*, 168 A.3d 180, 185 (Pa.Super. 2017) (holding that a canine sniff is a "type of search [that] is inherently less intrusive upon an individual's privacy than other searches," requiring that police only have "reasonable suspicion for believing that narcotics would be found in the place subject to the canine sniff."). In short, the window tint verification process is a far cry from the internal search of a vehicle done by the officers in *Alexander*, and thus we agree with the trial court that *Alexander* is distinguishable.

Moreover, despite Appellant having a privacy right to items **within** his vehicle, he has not persuaded us that this right extends to his windows

themselves. Indeed, in the same way that a person could not expect to have a privacy interest in either the VIN of their vehicle or items that are in plain view through windows, they should likewise not expect that the windows are exempt from examination. **See Class**, 475 U.S. at 119; **Commonwealth v. Lutz**, 270 A.3d 571, 576 (Pa.Super. 2022) ("There can be no reasonable expectation of privacy in an object that is in plain view. There is no reason a police officer should be precluded from observing as an officer what would be entirely visible to him as a private citizen." (citation omitted)). Accordingly, Officer Dudek did not violate Appellant's constitutional rights when he used the light transmittance meter in this case without first obtaining a warrant. He had reasonable suspicion of a violation of § 4107(b)(2), which gave him the authority pursuant to § 6308(b) to advance his investigation.

Since Appellant has presented us with no issues warranting relief, we have no cause to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2024

- 21 -