J-A11020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARISA NICOLE LIDDINGTON | : | |
| | : | |
| Appellant | : | No. 1291 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 5, 2023
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000077-2022

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                    **FILED: DECEMBER 23, 2024**

Marisa Nicole Liddington appeals from the judgment of sentence of five to twelve years of imprisonment imposed upon her convictions for driving under the influence ("DUI") and four counts of aggravated assault.  We affirm.

We glean the facts underlying Appellant's convictions from the certified record.  On the night of February 9, 2022, Lewis Ebersole, an emergency medical technician ("EMT") dressed in full uniform operating an ambulance, responded to a report of two unresponsive people in a vehicle in a Walmart parking lot.  Also responding to the call were a second ambulance and approximately ten firefighters, including plain-clothed John Eppley of the Hummels Wharf Fire Department.  After Mr. Ebersole revived Appellant, who was in the driver's seat, she refused to go to the hospital for medical treatment.  He convinced her to get out of her car to be examined at the

ambulance, and was standing between the open driver's door and the driver's seat when she overheard that police were on their way. Appellant returned to the driver's seat in a panic and started the vehicle. Mr. Ebersole, standing inside the open door next to Appellant, reached across her to try to turn the car off. Appellant put the car into reverse and accelerated the vehicle backwards. The only reason Mr. Ebersole, and Mr. Eppley who was right behind him, were not knocked down and dragged backwards by the open car door was because Mr. Eppley was able to pull Mr. Ebersole out of the way.[1] Once Appellant had gained enough clearance, she put the car in drive, "floored it," and sped out around a fire truck, forcing other first responders to dive out of the way to avoid being struck. *See* N.T. Trial, 4/13/23, at 48, 71.

Appellant fled with emergency vehicles and a state trooper in pursuit, and she eventually pulled over in a residential neighborhood. She exited the vehicle and threw a bag containing what was later determined to be baggies of fentanyl into a yard. A subsequent test revealed the presence of fentanyl in her blood.

Appellant was charged with a bevy of crimes, including two counts each of aggravated assault pursuant to subsections (2), (3), and (6) of 18 Pa.C.S. § 2702(a). A jury acquitted her of the counts under § 2702(a)(3), but convicted her of the other four, along with DUI and fleeing or attempting to

---

[1] Mr. Eppley was struck by the door but was not injured.

elude a police officer. After the court sentenced her to the aggregate term indicated above, it granted Appellant's motion for judgment of acquittal as to the fleeing charge, vacating that conviction and sentence for that offense.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the three questions for our consideration:

1. Whether the trial court erred in failing to grant Appellant's motion for acquittal on Counts 3 and 4 of the information, that is, whether the evidence was sufficient to find Appellant had the specific intent necessary to be convicted of 18 Pa.C.S. § 2702(a)(2)[, namely] aggravated assault, attempt to cause serious bodily injury to an enumerated person.

2. Whether the trial court erred in failing to grant Appellant's motion for acquittal on Counts 7 and 8 of the information, that is[,] whether the evidence was sufficient to find that Appellant had the specific intent necessary to be convicted of 18 Pa.C.S. § 2702(a)(6)[, namely] aggravated assault, by physical menace, to an enumerated person.

3. Whether the trial court erred in failing to grant Appellant's motion for acquittal on Counts 3, 4, 7, and 8 of the information, that is[,] whether the evidence was sufficient to find [the] named victims were acting within the performance of their duties, as is required under 18 Pa.C.S. §[§] 2702[(a)(2)] and 2702(a)(6).

Appellant's Brief at 4-5 (cleaned up).

We begin with the applicable law:

When reviewing a sufficiency claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.

- 3 -

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances.

**Commonwealth v. Castaneira**, 322 A.3d 223, 227 (Pa.Super. 2024) (cleaned up).

We address Appellant's arguments together, as they all challenge the sufficiency of the evidence to sustain her aggravated assault convictions. Pertinent to the case sub judice, aggravated assault is defined as follows:

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

. . . .

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) . . . while in the performance of duty;

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty; [or]

. . . .

(6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury[.]

18 Pa.C.S. § 2702(a).

Certain elements of these crimes are not at issue in this appeal. Appellant does not dispute that Messrs. Ebersole and Eppley were persons enumerated in subsection (c). *See* 18 Pa.C.S. § 2702(c)(2) (firefighters) and (21) (emergency medical services personnel). Also, it is undisputed that neither of the two victims sustained actual serious bodily injury. Rather, we are tasked with assessing the adequacy of the Commonwealth's proof that (1) Appellant attempted to cause such injury or to place them in fear thereof, and (2) they were performing their duties at the time.

We first assess whether the evidence demonstrated that Appellant attempted to cause serious bodily injury to Messrs. Ebersole and Eppley and attempted by physical menace to put them in fear of serious bodily injury. Our legislature has defined attempt thusly: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). For the aggravated assault statute, attempt is proved by showing "some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury." ***Commonwealth v. Matthew***, 909 A.2d 1254, 1257 (Pa. 2006).

Appellant argues that, even when viewed in the light most favorable to the Commonwealth, the evidence in this case does not prove that she acted with the specific intent to harm or menace anyone. She posits that Mr. Ebersole placed himself in harm's way by attempting to detain her, and that

Mr. Eppley was hit by the car door when she backed up only because he reached to grab Mr. Ebersole. **See** Appellant's brief at 12-13. Additionally, Appellant suggests that the jury's decision to acquit her of the subsection (a)(3) counts as to these same victims meant that it deemed proof of intent lacking.[2] **Id**. at 13.

Addressing the second argument first, it has long been the law of Pennsylvania "that juries may issue inconsistent verdicts and that reviewing courts may not draw factual inferences in relation to the evidence from a jury's decision to acquit a defendant of a certain offense." **Commonwealth v. Moore**, 103 A.3d 1240, 1249 (Pa. 2014). "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." **Commonwealth v. Rose**, 960 A.2d 149, 158 (Pa.Super. 2008) (cleaned up). "Thus, this Court will not disturb guilty verdicts on the basis of

---

[2] In arguing her sufficiency challenge, Appellant also relies upon the trial court's conclusion, stated in its Pa.R.A.P. 1925(a) opinion, that Appellant is entitled to a new trial because the court "misspoke during the instructions" as to the intent element. **See** Trial Court Opinion, 11/14/23, at unnumbered 3. However, an erroneous instruction does not implicate the sufficiency of the evidence. Further, Appellant waived the challenge to the jury instruction by neither objecting to it at trial nor raising it in her Rule 1925(b) statement. **See** Pa.R.A.P. 302(a), 1925(b)(4)(vii). Therefore, we do not consider the propriety of the court's jury instruction in resolving the issues raised in this appeal.

apparent inconsistencies as long as there is sufficient evidence to support the verdict." *Id*. (cleaned up).

Turning to the evidentiary sufficiency of the jury's finding that Appellant acted with intent as to the counts of which it convicted her, we find the decisions in *Matthew* and *Commonwealth v. Fortune*, 68 A.3d 980 (Pa.Super. 2013) (*en banc*), instructive. In *Fortune*, we observed:

> A person acts intentionally with respect to a material element of an offense when it is his conscious object to engage in conduct of that nature or to cause such a result. As intent is a subjective frame of mind, it is of necessity difficult of direct proof. The intent to cause serious bodily injury may be proven by direct or circumstantial evidence.

*Id*. at 985 (cleaned up). A case-by-case examination of the totality of the circumstances informs the intent assessment, permitting inferences "from acts, conduct or [other] attendant circumstances," as well as statements made "before, during, or after the attack[.]" *Id*. at 984. "Where the intention of the actor is obvious from the act itself, the fact-finder is justified in assigning the intention that is suggested by the conduct." *Id*. at 987 (cleaned up).

In *Fortune*, the defendant walked up to the victim while she was pumping gas into her car, pointed a gun at her forehead, and threatened to "blow [her] head off" if she did not give up her keys. She complied and ran away. A jury convicted Fortune of aggravated assault—attempt to cause serious bodily injury and he appealed, contending "that the facts and circumstances of the case show that the threat was a conditional one, made

- 7 -

with the intent only to steal her car, rather than indicative of intent to cause her serious bodily injury, as demanded by the statute." *Id*. at 985 (cleaned up). We rejected this argument, observing that Fortune's verbal threat and actions in pointing the gun at the victim formed a proper basis for the jury to find that he had the requisite *mens rea* and that the only reason he did not injure her was because she fled. *Id*. at 986-87.

In reaching its decision, the **Fortune** Court likened the circumstances to those at issue in **Matthew**, in which the defendant pointed a gun at his victim and verbally threatened to kill him multiple times while rummaging through his car before eventually fleeing the scene without injuring the victim. Our Supreme Court ruled that the evidence of intent was sufficient, stating: "If the threats alone were not enough to establish his intent, the fact-finder could determine his intent from pushing the loaded gun against [the victim's] throat and otherwise pointing it at him." **Matthew**, 909 A.2d at 1259.

Here, it appears that neither Appellant's motivation nor her ultimate goal was to injure the first responders on scene in the Walmart parking lot. Rather, it seems plain that what she wanted was to get away before the police arrived. However, under the totality of the circumstances, the jury was within its rights to conclude that Appellant made the conscious decision to achieve her goal by any means necessary, including causing serious bodily injury to any of the first responders who were in her way. Just as a threat of bodily injury as a means to another end was sufficient to support convictions for

attempted aggravated assault in **Matthew** and **Fortune**, her intent, unstated but obvious from her actions, was legally established in this case.

In Appellant's final attack on the sufficiency of the evidence, she claims that the Commonwealth failed to establish that her victims were acting within the performance of their duties because she assaulted them after she declined to be treated when "there were no longer any duties or job tasks for either [Mr.] Ebersole or [Mr.] Eppley to perform." Appellant's brief at 19.

Appellant cites no authority for the proposition that she had the power to unilaterally alter the nature of their presence, and we reject the notion out of hand. Messrs. Ebersole and Eppley were not at the Walmart to shop, socialize, or engage in any other personal business. They were there, on duty, in response to an emergency call, and remained in that capacity for the duration of the encounter. Plainly, they were performing their duties at the time she nearly ran them over in her desire to avoid the consequences of her criminal conduct. **Accord Commonwealth v. McFadden**, 156 A.3d 299, 307 (Pa.Super. 2017) (victim was acting in performance of her duty at the time of the assault that occurred "during the victim's shift while she was standing on her assigned street corner, performing her job tasks, and wearing a uniform").

For these reasons, we reject Appellant's challenges to her § 2702(a)(2) and (6) aggravated assault convictions and affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2024