J-A14007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFONSO JENKINS | : | |
| | : | |
| Appellant | : | No. 1349 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 17, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005115-2023

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED AUGUST 1, 2025**

Alfonso Jenkins appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County for his conviction of person not to possess a firearm, 18 Pa.C.S.A. § 6105(a)(1), graded as a felony of the first degree. Jenkins claims that the Commonwealth presented insufficient evidence that he was previously convicted of a specific enumerated felony offense to support his conviction being graded as a felony of the first degree. Specifically, Jenkins argues that although he stipulated that he was a person not to possess based on a conviction from 2012, the stipulation did not specify what his specific prior offense was and the Commonwealth presented no other evidence that he was previously convicted of a specific enumerated felony offense to support the first-degree felony grading. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On July 2, 2023, at approximately 10:30 a.m. Officer Anthony Pratt and his partner Sergeant Harry Newell were in a marked police van in front of 1200 North Front Street in Philadelphia. They heard some arguing and observed Jenkins pointing a brown pistol at another male. Jenkins was holding the pistol with a blue article of clothing. Jenkins spotted the marked police van and began walking away. While walking, Jenkins concealed the handgun in the blue article of clothing and put it in a bookbag.

The officers detained Jenkins. They asked about the firearm, and Jenkins denied being in possession of one. Officer Pratt then searched the bookbag and recovered a brown Smith and Wesson M&P 40 caliber handgun. Jenkins was placed under arrest.

Jenkins was charged with, *inter alia*, person not to possess a firearm, graded as a felony of the first degree.[1] Jenkins filed a motion to suppress. A suppression hearing was held on February 16, 2024. The court heard testimony from Officer Pratt and observed body camera footage. After the hearing, the court denied Jenkins's motion to suppress.

That same day, the matter proceeded to a stipulated bench trial. As aforesaid, the Commonwealth only proceeded on the charge of person not to possess a firearm. All relevant evidence from Officer Pratt's testimony and body camera footage from the suppression hearing was admitted. **See** N.T., 2/16/24, at 46. A property receipt for the firearm was also admitted. **See id.**

_____

[1] The Commonwealth later withdrew every charge other than person not to possess a firearm.

- 2 -

Additionally, the Commonwealth stated, and defense counsel agreed, to the following stipulation: "there's a stipulation by and between counsel that the defendant, Alfonso Jenkins, is prohibited from possessing a firearm due to a prior conviction in 2012." *Id.* at 47. The trial court found Jenkins guilty of person not to possess a firearm graded as a first-degree felony. *Id.* While discussing sentencing, the Commonwealth informed the trial court that "the 2012 [convictions were] for two counts of attempted burglary, F1's." *Id.* at 49. Furthermore, Jenkins's prior record also included a 2011 conviction for possession with the intent to deliver.[2] *See id.* at 49.

On April 17, 2024, Jenkins was sentenced to three and a half to seven years' incarceration. He timely appealed and filed a court ordered concise statement of matters complained of on appeal. *See* Pa.R.A.P. 1925(b).

On appeal, Jenkins challenges whether the Commonwealth presented sufficient evidence that Jenkins was previously convicted of a specific enumerated felony offense to support his conviction being graded as a first-

---

[2] A review of the publicly available docket sheets indicates that in 2012, Jenkins pleaded guilty to attempted burglary and conspiracy to commit burglary, both first-degree felonies. *See* Docket Sheet, CP-51-CR-0008447-2012, at 3; *Solomon v. U.S. Healthcare System of PA, Inc.*, 797 A.2d 346, 352 (Pa. Super. 2002) (acknowledging a court may take judicial notice of public docket sheets); Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts deriving from sources whose accuracy cannot reasonably be questioned). Additionally, in 2011 Jenkins pleaded guilty to possession with intent to deliver (PWID) and conspiracy to commit PWID, both ungraded felonies. *See* Docket Sheet, CP-51-CR-0005143-2011, at 4.

degree felony.[3] **See** Appellant's Brief, at 1, 6-7. Consequently, Jenkins asserts

that he received an illegal sentence because the evidence was only sufficient

to convict him of violating Section 6105 as a first-degree misdemeanor. **See**

**id.** at 2, 6-7. Jenkins requests that this Court grant his request to change the

grading of his first-degree felony person not to possess conviction to a first-

degree misdemeanor and remand for him to be resentenced. **See id.** at 7, 19-

20.

> Jenkins's sufficiency and legality of sentence claims are interrelated.
>
> When reviewing a sufficiency claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.
>
> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances.

**Commonwealth v. Castaneira**, 322 A.3d 223, 227 (Pa. Super. 2024)

(citation and brackets omitted).

---

[3] In his concise statement, Jenkins also claimed that the police lacked reasonable suspicion to justify stopping him. **See** Concise Statement, at ¶ 3A. However, Jenkins makes no mention of this issue in his appellate brief. Thus, the issue is waived. **See** Pa.R.A.P. 2119(a).

Similarly, in reviewing a challenge to the legality of a sentence "our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Seladones***, 305 A.3d 83, 85 (Pa. Super. 2023) (citation omitted).

A person commits the crime of person not to possess if they were previously convicted of an enumerated offense and possess a firearm. ***See*** 18 Pa.C.S.A. § 6105(a)(1). "[A] Section 6105 violation, by default, is graded as a misdemeanor of the first degree[.]" ***Commonwealth v. Hale***, 128 A.3d 781, 782 (Pa. 2015) (citing 18 Pa.C.S.A. § 6119); ***see also*** 18 Pa.C.S.A. § 6119 ("[e]xcept as otherwise specifically provided, an offense under this subchapter constitutes a misdemeanor of the first degree."). For the charge to be graded as a first-degree felony the Commonwealth must prove that the person was previously convicted of an enumerated felony, a felony under the Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent federal statute or equivalent statute of another state; and either that (A) the defendant was previously convicted of person not to possess, or (B) was in physical possession or control of a firearm. ***See*** 18 Pa.C.S.A. § 6105(a.1)(1.1)(i).

Jenkins argues that the Commonwealth failed to meet its burden that he was previously convicted of a disqualifying enumerated felony offense because the stipulation contained no information about what specific offense he was previously convicted of or even whether his previous offense was either a felony or misdemeanor. ***See*** Appellant's Brief, at 9-11. According to Jenkins,

- 5 -

stipulations encompass only the "facts supporting" the stipulation which he interprets as only those facts necessary for the stipulation to be true and thus, need not be proven separately. *See id.* at 13-15. Essentially, Jenkins argues that it was the Commonwealth's burden to prove the specific disqualifying offense and the stipulation failed to do that.

The Commonwealth argues that the stipulation was sufficient. *See* Commonwealth's Brief, at 4, 7. It argues that by agreeing that he was a person not to possess because of a 2012 conviction he "acknowledge[ed] the nature of that conviction[,]" i.e., the specific offense for which he was convicted. *See id.* at 8. Thus, "by stipulating that he was a person not to possess firearms due to a prior conviction from 2012, he effectively agreed that he had been convicted of a qualifying felony, thereby relieving the Commonwealth of its burden to prove this element[.]" *Id.* (citing *Commonwealth v. Smith*, 234 A.3d 576, 585 n.10 (Pa. 2020)).

Jenkins's argument is premised on a novel understanding of our Supreme Court's opinion in *Commonwealth v. Jemison*, 98 A.3d 1254 (Pa. 2014), or more specifically, the *Jemison* court's statement that "one element of persons not to possess firearms is a prior conviction of a specific, enumerated offense[.]" *Id.* at 1261. In *Jemison*, the defendant was willing to stipulate that he was a person not to possess without indicating what specific offense for which he was previously convicted. *Id.* at 1256. The Commonwealth rejected the stipulation, and the trial court permitted the Commonwealth to introduce into evidence the defendant's previous certified

robbery conviction. ***Id.*** Our Supreme Court affirmed and determined that the Commonwealth's rejection of the stipulation and presentation of evidence did not violate Pennsylvania Rule of Evidence 403. ***Id.*** at 1262-63.

Importantly, ***Jemison*** is not a sufficiency case. Jenkins cites to no case, nor are we aware of any, that has interpreted ***Jemison*** to mean that it is necessary for the Commonwealth to present evidence of a specific disqualifying offense, when the stipulation refers to a specific prior record; the stipulation in this case was not a general stipulation without reference to the underlying prior record. Rather, ***Jemison*** merely permits the Commonwealth, when appropriate under Pennsylvania Rule of Evidence 403, to reject a defendant's stipulation that he was a person not to possess, without identifying information as to the specific prior conviction, and instead present evidence of the specific disqualifying offense. When read closely, ***Jemison*** does not compel the result argued by Jenkins and he offers no additional support.[4]

In this case, the stipulation itself was sufficient to establish the prior disqualifying conviction. "A stipulation is a declaration that the fact agreed upon is proven, and a valid stipulation must be enforced according to its

---

[4] Our Supreme Court recently granted allocatur in ***Commonwealth v. Myers***, No. 523 MAL 2024, 2025 WL 1023168 (Pa. filed Apr. 7, 2025), to consider whether the *en banc* Superior Court's Opinion in Support of affirmance was inconsistent with the Supreme Court's holding in ***Jemison*** "by defining one of Petitioner's prior disqualifying convictions as a pre-condition rather than an element of the offense for purposes of sentencing[.]" While this is a distinct issue from the present case, we merely note that our Supreme Court will have an opportunity to further explain its holding in ***Jemison***.

terms." **Commonwealth v. Perrin**, 291 A.3d 337, 345 (Pa. 2023) (citation and brackets omitted). "[P]arties may stipulate, and be bound by their acts as the law of the case, in all matters affecting them without affecting the jurisdiction and prerogatives of the court." **Id.** "A stipulation of facts is binding and conclusive on a trial court, although the court may nonetheless draw its own legal conclusions from those facts." **Mader v. Duquesne Light Co.**, 241 A.3d 600, 615 (Pa. 2020). Additionally, when a defendant enters a stipulation, they "assent[] to the facts supporting it, and obviate[] the Commonwealth's burden to demonstrate that underlying fact." **Smith**, 234 A.3d at 585 n.10 (citations omitted).

Here, Jenkins was charged with person not to possess graded as a first-degree felony. At a stipulated bench trial, where no new evidence was presented, he stipulated that he was a person not to possess because of a 2012 conviction. His *only* 2012 convictions were attempted burglary and conspiracy to commit burglary, both felonies. As stated above, these convictions were specifically listed in publicly available docket sheets.

Thus, after being charged with the person not to possess count as a felony, and by agreeing that he was a person not to possess *because of his 2012 convictions*, both of which were disqualifying felonies, Jenkins stipulated

to committing a disqualifying felony. The trial court was warranted in its reliance on that stipulation.[5]

Therefore, the judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/1/2025

---

[5] In fact, under the circumstances of this case, where Jenkins was charged with only the felony level of person not to possess, it is nonsensical to suggest the Commonwealth would have accepted a stipulation to anything other than a disqualifying felony conviction. Jenkins, the Commonwealth, and the court were all aware of what Jenkins was stipulating to. For him to suggest now that the Commonwealth failed to provide sufficient evidence to support the felony persons not to possess charge is disingenuous at best.