J-S08007-26

2026 PA Super 100

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                            :         PENNSYLVANIA
                            :
              v.            :
                            :
                            :
                            :
VICTOR M. HERNANDEZ         :
                            :
            Appellant       : No. 1052 EDA 2025

Appeal from the Judgment of Sentence Entered March 21, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002797-2022

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

OPINION BY PANELLA, P.J.E.:                    **FILED MAY 14, 2026**

Victor M. Hernandez appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County after he was convicted of various sexual offenses at a jury trial. On appeal, Hernandez challenges the denial of his motion for a preliminary hearing, the weight and sufficiency of the evidence, and the admission of recorded statements at trial. After careful consideration, we affirm.

The trial court summarized the factual and procedural history of the matter as follows:

> The Commonwealth presented testimony at trial [establishing that] on or about January 1, 2007, until on or about December 31, 2013, [Hernandez] raped and otherwise sexually assaulted his stepdaughter, S.M. [("Victim")], when she was between the ages of 12 and 19. [Victim] became pregnant with [Hernandez's] child at 16 years-old, gave birth at 17-years-old[,] and left the family home at 19 years-old. Ten years later, [Victim] reported [Hernandez's] crimes to the police. Police confirmed through DNA

analysis as well as an official birth certificate and [Hernandez's] own admission that [he] had fathered [Victim's] child.

The Commonwealth presented the testimony of four witnesses. First, the Commonwealth presented the testimony of Jacqueline Block-Goldstein, [] a private child welfare consultant and forensic interviewer. [*See* N.T. Trial, 11/20/24, at 46.] Ms. Block-Goldstein was qualified to express an expert opinion regarding victim dynamics in childhood sexual assault cases. [*See id.* at 50.] Ms. Block-Goldstein testified without reference to the facts of this case. [*See id.*] Ms. Block-Goldstein testified to delayed responses in victims of sexual abuse and recantation of reports. [*See id.* at 52-56.] ...

Second, the Commonwealth presented the testimony of [Victim], who at the time of trial was 31 years of age and married with three children. [*See id.* at 66. Victim] testified that [Hernandez] was the father of her 13-year-old son. [*See id.* at 66-67, 70. Hernandez] signed an acknowledgement of paternity and his name was placed on the birth certificate of the child shortly after his birth. [*See id.* at 73-75.]

[Victim] testified that in March 2022, she gave a recorded statement to Detective Nicole Young [] at the Delaware County Criminal Investigation Division ("CID"). [*See id.* at 93. Victim] was not under oath when she gave the statement to Detective Young and never signed a sworn statement. [*See id.* at 144.] The Commonwealth played [Victim's] recorded statement for the jury. [*See id.* at 98-143].

In her recorded statement to Detective Young, [Victim] described how [Hernandez's] sexual assaults of her[, which began when she was approximately 12 years old, escalated from kissing, to touching her body, and, ultimately,] to rape. [*See id.* at 101-04. Victim] described multiple incidents of rape that took place in her house and in [Hernandez's] car. [*See id.* at 109-12. Victim indicated that Hernandez] penetrated her vagina with his hands, his fingers[, and his penis and stated that Hernandez] forced her to perform oral sex on him. [*See id.* at 112, 115. Victim also indicated that Hernandez] would put his fingers inside her vagina like he was trying to put his whole hand and arm inside of her and that when she told [Hernandez] to stop doing it[,] he would do it harder. [*See id.* Victim] said she could not report the abuse to her mother. [*See id.* at 115-16.]

[Victim stated that Hernandez] impregnated her when she was 16 years old. [*See id.* at 116. She also indicated that] before she got pregnant, [Hernandez] would keep track of her menstrual cycle and make her consume a boiled drink with aspirin to try to [terminate any] possible pregnancy. [*See id.* at 119.] When [Hernandez] believed [Victim] was pregnant, he [obtained] a pregnancy test and said she had to have the baby. [*See id.* at 119-20.]

[Victim] testified that after she gave a recorded statement to Detective Young, she made two recorded phone calls to [Hernandez, which] were recorded by CID with [Victim's] permission. [*See id.* at 93-94.] During the phone calls between [Victim] and [Hernandez, he] denied any wrongdoing.

On cross-examination, [Victim] testified that she felt attacked when the Commonwealth played her recorded statement for the jury. [*See id.* at 144. Victim] testified that she was forced to come to court and that she wanted to recant the allegations she made against [Hernandez. *See id.* at 145.]

The Commonwealth's third witness was Detective Young[, who] has been in law enforcement since 2001 and is assigned to the CID Special Victims Unit and Child Abuse Task Force. [*See id.* at 158-59.] Detective Young took [Victim's] recorded statement in March, 2022. Before taking [Victim's] recorded statement, Detective Young had been involved with "several hundred" sexual assault cases in her 23 years in law enforcement. [*Id.* at 160.] Detective Young testified that [Victim's] report to her was genuine[ and that she did not doubt Victim] was telling her the truth about [Hernandez] sexually assaulting her. [*See id.*]

Detective Young said that on two different occasions [Hernandez's] attorney told Detective Young that [Victim] wanted to recant her statement. [*See* N.T. Trial, 11/21/24 at 13.] Detective Young said that despite [this, Victim] never recanted her statement and never told Detective Young that anything she reported was false. [*See id.* at 12-14.]

Detective Young arrested [Hernandez] on April 6, 2022, at his home. ... [Following his arrest, Hernandez] agreed to speak with Detective Young[ and] admitted [to] having a sexual relationship with [Victim] but [maintained that] it was consensual.

The Commonwealth played [Hernandez's] recorded statement for the jury. [*See id.* at 10.] Detective Young obtained a search warrant and collected DNA swabs from [Hernandez], [Victim], and [Victim's] son which she sent to the DNA diagnostic center for testing. [*See id.*] …

The Commonwealth's fourth witness was Dr. John Peterson[, who] was qualified as an expert in the field of DNA profiling and analysis. [*See id.* at 47.] Dr. Peterson testified that he reviewed the DNA profiles of the samples taken by Detective Young from [Hernandez], [Victim], and [Victim's] son and generated a report. [*See id.* at 48.] Dr. Peterson concluded that it was 9 billion times more likely that [Hernandez], as opposed to "a random person from the standing population," was the father of [Victim's son. *Id.* at 56.] …

[Hernandez] called two witnesses. [Hernandez's] first witness was [his] best friend, Manuel Polanco []. Mr. Polanco testified that [Hernandez] had a reputation as a peaceful and law-abiding citizen. [*See id.* at 70. Hernandez's] second witness was [Victim's] brother, Marcos Rojas []. Mr. Rojas testified that there was always someone [aside from Hernandez] in the house with Mr. Rojas and [Victim, and] that he did not remember a time that he found [Victim] and [Hernandez] alone in the house with each other. [*See id.* at 79, 84.]

On April 5, 2022, a criminal complaint was filed charging [Hernandez] with the following [52] crimes: counts 1-5: rape—forcible compulsion []; count 6: endangering the welfare of children [("EWOC")]; counts 7-11: unlawful contact with a minor—sexual abuse of children []; counts 12-16: statutory sexual assault—11 years older []; counts 17-21: sexual assault []; counts 22-26: indecent assault without consent of other []; counts 27-31: indecent assault—person less than 16 []; count 32: corruption of minors—defendant age 18 or above []; counts 33-37: aggravated indecent assault without consent []; counts 38-42: aggravated indecent assault—forcible compulsion []; counts

- 4 -

43-47: indecent assault—complainant less than 16 []; and counts 48-52: indecent assault—forcible compulsion[.[1]]

On June 20, 2022, [Hernandez] waived his right to a preliminary hearing and agreed to proceed to the Court of Common Pleas on 1 count each of [rape, unlawful contact with a minor, sexual assault, and EWOC]. The remaining counts and charges originally filed were withdrawn.

On May 15, 2023, an amended information was filed which listed the following charges: count 1: rape[]; count 2: unlawful contact with a minor[]; count 3: sexual assault []; and count 4: [EWOC]. [Hernandez] entered an open guilty plea to counts 1 through 4 as set forth above. The amended information was filed July 20, 2023.

On September 6, 2023, [Hernandez] filed a motion to withdraw his guilty plea[, to which the Commonwealth filed a response on September 15, 2023]. On September 19, 2023, [the trial court] conducted a hearing on [the] motion. On December 7, 2023, [Hernandez's] motion [] was granted. On December 19, 2023, the Commonwealth filed a motion to amend the information. On January 12, 2024, [Hernandez filed a response to [the] Commonwealth's motion to amend [] and [a] motion for [a] preliminary hearing. On February 20, 2024, [the] court conducted a hearing on the Commonwealth's motion to amend. On February 23, 2024, the Commonwealth's motion was granted.

On March 11, 2024 [the] court conducted a hearing on [Hernandez's] motion for [a] preliminary hearing[, which it ultimately denied on March 14, 2024.] On March 18, 2024, the Commonwealth filed an amended information [which included the offenses set forth in the original criminal complaint but replaced 5 counts of indecent assault—complainant less than 16 with 5 counts of aggravated indecent assault—person less than 16.[2]]

A jury trial [was held from November 19, 2024 to November 22, 2024. Hernandez] was found guilty of [] rape[], sexual assault,

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 4304(a)(1), 6318(a)(5), 3122.1(b), 3124.1, 3126(a)(1), 3126(a)(8), 6301(a)(1)(ii), 3125(a)(1), 3125(a)(2), 3126(a)(8), and 3126(a)(2), respectively.

[2] 18 Pa.C.S.A. § 3125(a)(8).

aggravated indecent assault without consent [], aggravated indecent assault—forcible compulsion, [EWOC], corruption of minors, indecent assault—forcible compulsion, and indecent assault—complainant less than 16. [Hernandez] was found not guilty of aggravated indecent assault—person less than 16. [The charge of statutory sexual assault was not submitted to the jury for consideration.]

On March 14, 2025, [Hernandez] filed a motion for a new trial[, in which he] argued that the verdict was against the weight of the evidence. Prior to sentencing on March 21, 2025, [Hernandez] made an oral motion for extraordinary relief. [The] court sentenced [Hernandez] to an aggregate [term of 10 to 20] years of confinement with an aggregate [3 years of] consecutive probation.[3 The] court's orders of March 21, 2025, denying [Hernandez's] motion for a new trial and motion for extraordinary relief were memorialized in writing on March 31, 2025 and entered on the docket April 1, 2025.

Trial Court Opinion, 7/31/25, at 1-9 (headings, footnotes, some citations to record, and unnecessary capitalization omitted). On April 16, 2025, Hernandez filed a notice of appeal. Both Hernandez and the trial court have complied with Rule 1925. *See* Pa.R.A.P. 1925(a), (b).

On appeal, Hernandez raises the following questions for our review:

1. After his plea was withdrawn and all charges reinstated as a result of the non-completion of the waiver and plea agreement, under Pennsylvania Rule of Criminal Procedure 541(A)(2), did the trial court err in denying [Hernandez's] motion for a preliminary hearing[?]

2. Was the verdict against the weight of the evidence [where] the Commonwealth's evidence, the March 8, 2023 recorded statement of [Victim], along with allegations in the consensual intercept calls on March 17, 2023, and March 29, 2023, was recanted by [Victim] on the witness stand[?]

_____

3 On June 26, 2025, the court entered an amended sentencing order to reflect Hernandez's credit for time served at the time of sentencing.

- 6 -

3. Was the Commonwealth's evidence sufficient to convict when the Commonwealth's evidence, the March 8, 2023 recorded statement of [Victim], along with allegations in the consensual intercept calls on March 17, 2023, and March 29, 2023, was recanted by [Victim] on the witness stand[?]

4. Did the numerous rape shield violations [committed] by the Commonwealth when it played [Victim's] recorded statement and read the March 17, 2022, and March 29, 2022 intercept calls into the [record] result in a violation of [Victim's] rights and create an unfair basis in that [Hernandez] was blamed for the behavior of other individuals?

Appellant's Brief, at 4-5 (formatting altered; numbering provided; unnecessary capitalization omitted).

In his first issue, Hernandez challenges the trial court's denial of his motion for a preliminary hearing pursuant to Pa.R.Crim.P. 541(A)(2). "The interpretation [] and the application of the Pennsylvania Rules of Criminal Procedure present questions of law for which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Castaneira***, 322 A.3d 223, 232 (Pa. Super. 2024) (brackets and citation omitted).

Our Supreme Court has explained that "[t]he primary reason for the preliminary hearing is to protect an individual's right against unlawful arrest and detention. The preliminary hearing seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed, or for a crime with which there is no evidence of his connection." ***Commonwealth v. McClelland***, 233 A.3d 717, 736 (Pa. 2020) (quotation

marks and citations omitted). Rule 541, which governs waiver of preliminary hearings, provides, in pertinent part:

> (A) The defendant who is represented by counsel may waive the preliminary hearing at the preliminary arraignment or at any time thereafter.
>
>> (1) The defendant thereafter is precluded from raising the sufficiency of the Commonwealth's *prima facie* case unless the parties have agreed at the time of the waiver that the defendant later may challenge the sufficiency.
>>
>> (2) If the defendant waives the preliminary hearing by way of an agreement, made in writing or on the record, and the agreement is not accomplished, the defendant may challenge the sufficiency of the Commonwealth's *prima facie* case.

Pa.R.Crim.P. 541(A).

Hernandez avers that a waiver agreement was not accomplished for purposes of Rule 541(A)(2) because the court permitted him "to withdraw his guilty plea and pursue a trial disposition," and therefore, his request for a preliminary hearing to challenge the Commonwealth's *prima facie* case should have been granted. Appellant's Brief, at 15.

Hernandez is not entitled to relief. "[O]nce a defendant is found guilty after trial, any alleged defects or errors at the preliminary hearing stage are rendered moot." ***Commonwealth v. McIntyre***, 333 A.3d 417, 440 (Pa. Super. 2025) (citations omitted); ***see Commonwealth v. Dixon***, 276 A.3d 794, 799 (Pa. Super. 2022) (holding that any error in the trial court's denial of the appellant's *prima facie* challenge at the preliminary hearing was harmless where the appellant was convicted of the offenses beyond a

reasonable doubt). Because Hernandez was subsequently convicted of eight offenses by a jury at trial, any contended error by the trial court in denying him the opportunity to present a *prima facie* challenge to those offenses is moot. **See McIntyre**, 333 A.3d at 440. Accordingly, Hernandez's first issue does not merit relief.

In his second issue, Hernandez challenges the weight of the evidence.

> Appellate review of a weight claim is a review of the exercise of the trial court's discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial court had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial court when reviewing a trial court's determination that the verdict is, or is not, against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the trial court's conviction that the verdict was, or was not, against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> A trial court abuses its discretion where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill-will. By comparison, the role of the trial court is to determine whether, notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. For an appellant to prevail on a weight of the evidence claim, the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the trial court.

**Commonwealth v. Smith**, 351 A.3d 1245, 1252-53 (Pa. Super. 2026) (brackets, citations, and quotation marks omitted). Furthermore, a weight challenge "predicated on the credibility of trial testimony" is generally "not

- 9 -

cognizable on appellate review." ***Commonwealth v. Rivera***, 238 A.3d 482, 498 (Pa. Super. 2020) (citation omitted).

Hernandez avers that the trial court abused its discretion when it denied his motion for a new trial challenging the weight of the evidence because, at trial, Victim recanted the prior allegations she made against him. ***See*** Appellant's Brief, at 17-19. Hernandez contends that Victim's recantation at trial was "much more reliable than her original statements which concerned events alleged to have happened between 14 [and] 20 years earlier." ***Id.*** at 19.

The trial court addressed Hernandez's challenge to the weight of the evidence as follows:

> In the current case, the Commonwealth presented testimony from [Victim], the Commonwealth's blind expert, [Ms.] Block-Goldstein, Detective Young[,] and Dr. Peters. The defense presented testimony from [Hernandez's] best friend and [Victim's] brother.
>
> The jury observed the demeanor of each of the witnesses and assessed the credibility of the witnesses during both direct and cross examination. During its deliberations, the jury was free to consider all evidence presented during the trial. Based on the evidence and testimony presented at trial, the jury found [Hernandez] guilty. ...
>
> For a challenge to the weight of the evidence to be successful, the evidence must be so vague, tenuous, and uncertain that the verdict shocks the court's sense of justice. The jury in this case was free to believe all, part or none of the testimony and evidence presented. ... The guilty verdict in this case indicates that the jury rejected all or part of [Hernandez's] recorded statements and that of his witnesses. The verdict does not shock one's sense of justice. The verdict regarding sexual assault crimes was not against the weight of the evidence.

- 10 -

Trial Court Opinion, 7/31/25, at 19-20 (unnecessary capitalization and citation omitted).

Contrary to Hernandez's bald assertion that Victim's recantation testimony was more credible than her prior allegations against him, it is well-settled that "[r]ecantation testimony is one of the least reliable forms of proof[.]" ***Commonwealth v. Franklin***, 346 A.3d 812, 824 (Pa. Super. 2025) (citation omitted). Thus, where a witness, who is subject to cross-examination in front of the jury at trial, recants prior statements or allegations, "the jury is free to credit the [witness's] prior inconsistent statements over [the witness's] recantations." ***Commonwealth v. Brown***, 134 A.3d 1097, 1104 (Pa. Super. 2016). Although Hernandez seems to suggest the mere fact that Victim recanted at trial automatically renders her prior allegations incredible, it was within the province of the jury, as factfinder, to weigh the evidence presented and determine which of Victim's statements to believe, if any. ***See Brown***, 134 A.3d at 1104. Therefore, we discern no abuse of discretion by the trial court in determining that the jury's verdict was not against the weight of the evidence. ***See Smith***, 351 A.3d at 1252. Accordingly, Hernandez's second issue does not merit relief.

In his third issue, Hernandez challenges the sufficiency of the evidence.

A claim challenging the sufficiency of the evidence is a question of law. [Accordingly,] our standard of review is *de novo*, and our scope of review is plenary. In reviewing a sufficiency challenge, we determine whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most

favorable to the Commonwealth as verdict winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the factfinder.

***Commonwealth v. Wellmon***, 345 A.3d 370, 373 (Pa. Super. 2025) (quotation marks, brackets, and citations omitted).

Hernandez avers that the trial court erred as a matter of law when it denied his motion for extraordinary relief because the Commonwealth presented insufficient evidence to sustain his sexual assault convictions.[4] A person commits the offense of sexual assault "when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. § 3124.1. Hernandez does not dispute that the Commonwealth established he engaged in sexual intercourse

_____

[4] Based upon the question presented and the argument advanced in his brief, it is unclear which specific convictions Hernandez purports to challenge. ***See*** Appellant's Brief, at 5, 20-21. However, in his 1925(b) statement, sexual assault is the only offense Hernandez specifically identified in relation to a sufficiency challenge. ***See*** 1925(b) Statement, at ¶¶ 7, 9. To the extent Hernandez attempts to challenge the evidentiary sufficiency to sustain his convictions of the remaining seven offenses, any such challenge is waived. ***Commonwealth v. Boyer***, 347 A.3d 689, 699 (Pa. Super. 2025) ("When an appellant fails to identify in his Rule 1925(b) statement the specific elements of the specific crimes he is challenging, his [sufficiency] claim is waived.") (citations omitted); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Accordingly, our sufficiency review is limited to Hernandez's convictions of sexual assault under section 3124.1.

with Victim. Rather, Hernandez contends the Commonwealth failed to prove that his sexual encounters with Victim were nonconsensual, where Victim recanted her prior allegations against him at trial and there was no corroborating evidence of lack of consent. **See** Appellant's Brief, at 20-21.

Hernandez's arguments are unavailing. At trial, the Commonwealth played Victim's recorded interview with Detective Young during which Victim stated that Hernandez raped her hundreds of times between the ages of 12 to 19. **See** N.T. Trial, 11/20/24, at 134. The Commonwealth also read the transcript of the recorded phone calls between Victim and Hernandez, during which Victim confronted Hernandez numerous times about raping and impregnating her, into the record at trial. **See id.** at 169-212; 214-231. Viewing this evidence and drawing all reasonable inferences in the Commonwealth's favor, we find that the Commonwealth established Victim's lack of consent beyond a reasonable doubt. **See Wellmon**, 345 A.3d at 373.

The mere fact that Victim recanted her prior allegations against Hernandez at trial does not preclude the statements Victim made relating to her lack of consent from being considered as substantive evidence. **See Commonwealth v. Brown**, 52 A.3d 1139, 1171 (Pa. 2012) ("Prior inconsistent statements, which meet the requirements for admissibility under Pennsylvania law, must[] be considered by a reviewing court in the same manner as any other type of validly admitted evidence when determining if sufficient evidence exists to sustain a criminal conviction.") (footnote

admitted). Moreover, to the extent Hernandez contends that the Commonwealth's evidence was legally insufficient to prove nonconsent because Victim's prior statements were uncorroborated, his argument likewise fails, as "the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant." **Commonwealth v. Andrulewicz**, 911 A.2d 162, 166 (Pa. Super. 2006) (citation omitted); **see** 18 Pa.C.S.A. § 3106. Thus, it was within the province of the jury, as factfinder, to believe or disbelieve Victim's uncorroborated allegations against Hernandez, and his sufficiency challenge fails. Accordingly, Hernandez's third issue does not merit relief.

In his final issue, Hernandez challenges the trial court's evidentiary rulings, specifically alleging that the court impermissibly permitted the Commonwealth to enter evidence protected by Pennsylvania's Rape Shield Law[5] into the record at trial. **See** Appellant's Brief, at 22. It is well-settled that "[t]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." **Commonwealth v. Warren**, 350 A.3d 1018, 1033 (Pa. Super. 2025) (brackets and citation omitted).

> The Rape Shield Law is designed to protect alleged victims of sexual assault in criminal trials and, subject to limited exceptions, it excludes evidence of an alleged victim's past sexual history. Its purpose is to prevent the trial from shifting its focus from the defendant's guilt or innocence to the victim's reputation or moral

_____

[5] 18 Pa.C.S.A. § 3104.

virtue. Importantly, this protective measure is salient where defendants attempt to utilize evidence of the complainant's alleged promiscuity to bolster their claim of consent.

*Commonwealth v. Thomas*, 336 A.3d 1038, 1044 (Pa. Super. 2025) (quotation marks, brackets, citations, and emphasis omitted).

Hernandez avers that the trial court erred as a matter of law by permitting the Commonwealth to play Victim's recorded interview with Detective Young and to read the intercept call transcripts into the record at trial, where statements contained therein indicated "that [Victim] had sexual relations and/or was raped while she was underage by three other individuals" and resulted in "numerous rape shield violations[.]" Appellant's Brief, at 22. Hernandez contends that these violations "prejudiced [him] because this information generated more sympathy for [Victim] and as a result, created an unfair basis for the jury's verdict" and held Hernandez "accountable for the criminal behavior of others." *Id.*

The Commonwealth posits that Hernandez waived any challenge to the admission of Victim's recorded statement or the intercept calls into evidence by failing to object at trial. *See* Appellee's Brief, at 11. We agree.

"It is settled that an appellant's failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal." *Commonwealth v. Rudolf*, 262 A.3d 574, 581 (Pa. Super. 2021) (citation omitted); *see* Pa.R.E. 103(a). "The judge hearing the case must be given an opportunity to correct the error at the time it is made and potentially avoid an unnecessary

appeal." ***Commonwealth v. Kurtz***, 294 A.3d 509, 527 (Pa. Super. 2023) (citation omitted).

Our review of the record confirms that, prior to the Commonwealth introducing the audio recording of Victim's interview with Detective Young at trial, counsel for Victim raised an objection asserting Victim's Fifth Amendment privilege against self-incrimination but did not object based on the Rape Shield statute. ***See*** N.T. Trial, 11/20/24, at 81. However, Hernandez did not object to the admission of either Victim's recorded interview or the transcripts and audio recordings of the consensual intercept calls on any basis, much less based upon a purported Rape Shield violation. ***See id.*** at 98, 164, 166. Therefore, Hernandez's failure to launch a contemporaneous objection to the recorded interview and intercept calls generally, or to assert specific objections to the statements referencing Victim's other alleged sexual partners at trial, results in waiver of his claim on appeal. ***See Rudolph***, 262 A.3d at 581. Moreover, even if Hernandez had properly preserved an objection to this evidence before the trial court, he has failed to explain or cite to any authority to support his contention that he, a perpetrator, would have standing to recover for a Rape Shield violation committed against Victim, where the purpose of the statute is to protect sexual assault complainants. ***See Thomas***, 336 A.3d at 1044; Pa.R.A.P. 2119(a) (requiring the argument section of an appellant's brief to contain discussion of and citation to pertinent authorities). Accordingly, Hernandez's final issue does not merit relief.

Based on the foregoing, Hernandez is not entitled to relief, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2026